# Fryer et al. *v.* Magill, Assignee of Bardsley, Appellant.

*Tax sale—Registry of deed—Several owners—Suit—Service—Acts of March* 14, 1865, *and March* 29, 1867.

A deed to three persons as tenants in common was registered in the registry bureau in Philadelphia in the name of one of the tenants in common with the words "et al." following the name. A claim for taxes was filed against the property. When suit was brought upon the claim, the owners were suggested in the same way that they appeared in the registry bureau. No efforts were made to serve the two owners whose names were not registered, and the property was sold without notice to them. *Held*, that their interests were not divested by the sale.

Argued Jan. 19, 1894. Appeal, No. 100, July T., 1893, by defendant, Edward W. Magill, assignee for benefit of creditors of John Bardsley, from judgment of C. P. No. 3, Phila. Co., March T., 1892, No. 639, on case stated in favor of plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Case stated in ejectment. Before FINLETTER, P. J.

From the case stated it appeared that on July 24, 1858, William T. Dupree conveyed a lot of ground situated in the city of Philadelphia to Henry Holthausen, Charles E. Claghorn and Joseph C. Fryer, their heirs and assigns, as tenants in common. The grantees in the deed presented the deed to the registry bureau for registry, and the same was registered Jan. 7, 1871. The deed was not registered in the name of the three owners, but in the name "Henry Holthausen et al." A claim for taxes was subsequently filed, and, in the suit upon the claim, the owners were suggested as "Henry Holthausen et al." Judgment was entered for want of an appearance, and the property was sold under a writ of levari facias to John Bardsley, and a deed was made to him. No notice was served upon Charles E. Claghorn, or Anna M. Fryer, executrix of Joseph C. Fryer, except by posting a notice on the premises, and they had no knowledge of the filing of the claim, or of the proceedings thereon, or the sale, until 1892. The court entered judgment for plaintiffs on the case stated.

*Error assigned* was entry of judgment as above.

*R. Alexander*, for appellant.—A consideration of the laws governing the collection of registered taxes will show that service upon the owners by the sheriff is unnecessary, and that in this case everything was done which the law requires should be done to make a valid sale: Acts of Feb. 3, 1824, P. L. 18; April 16, 1840, P. L. 412; March 11, 1846, P. L. 114; March 29, 1867, P. L. 245; Northern Liberties v. Coates's Heirs, 15 Pa. 245; Delaney v. Gault, 30 Pa. 63.

The property in question was returned or registered in 1871, in the name of Henry Holthausen et al. It therefore had to be sold in his name, and the writ had to be served upon him as in the case of summons, otherwise the act would not be complied with: Simons v. Kern, 92 Pa. 455; Gans v. City, 102 Pa. 97; Act of June 10, 1881, P. L. 91.

The act of June 10, 1881, is constitutional: Scranton v. Whyte, 148 Pa. 419; Com. v. Macferron, 152 Pa. 344; Safe Deposit Co. v. Fricke, 152 Pa. 231.

*William C. Hannis*, for appellees.—The proceedings and sale of the property as to the interest of appellees were null and void because they were not conducted "in the name of such owner, after service or process upon him, as in the case of a suit by summons:" Simons v. Kern, 92 Pa. 455; Gans v. City, 102 Pa. 97.

The act of June 10, 1881, P. L. 91, is of no importance in this case, for two reasons: (1) Because the whole proceeding shows that there was no effort made to find the owners, who were only represented in the proceedings by the words "et al." and might as well have been represented by "John Doe," and that the whole effort was directed to finding and serving Henry Holthausen. (2) The act is unconstitutional (art. 3, § 7, of the constitution), because it relates to practice or jurisdiction in judicial proceedings, and "changing methods for the collection of debts, or the enforcing of judgments, or prescribing the effect of judicial sales of real estate," and is local in being limited only to cities of the first class: City v. Church, 115 Pa. 291; Weinman v. Ry., 118 Pa. 192; Ruan St., 132 Pa. 257; Wyoming St., 137 Pa. 502; Ayars's Ap., 122 Pa. 266;

City v. Whyte, 148 Pa. 419; Reeves v. Traction Co., 152 Pa.
153; Perkins v. Phila., 156 Pa. 554; Taggart v. Com., 102
Pa. 354; Act of May 23, 1874, P. L. 230; City v. Whyte,
148 Pa. 419, is an authority in favor of appellees, on the point
here involved.   It decides that where a statute relates to sub-
jects proper for municipal control, and where the regular and
settled course of procedure of the court is not departed from,
the act would be constitutional.   Safe Deposit Co. v. Fricke,
and Com. v. Macferron, cited by appellant, are authorities for
appellees.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 1, 1894:

After reciting the facts agreed upon, the case stated provides
as follows : " If on the above facts the court shall be of opin-
ion that after said registry no sale for taxes could lawfully be
had of the interest of the said plaintiffs in said property, or of
either of them, without having their names, or either of their
names suggested as the actual owners, and until after service
of the writ on them and recovery by suit against them, made
as in the case of summons, then judgment to be entered for
the plaintiff, Charles E. Claghorn, for one undivided third part
of said premises, and judgment to be entered for the plaintiff,
Anna M. Fryer, individually and as trustee under the will of
Joseph C. Fryer, deceased, for one other undivided third part
of said premises, otherwise judgment to be entered for the de-
fendant," etc.   Judgment was accordingly entered on the case
stated in favor of each of said plaintiffs for one undivided third
part of the premises in controversy; and of this the defendant
complains.

It was claimed by plaintiffs that the "registry" of their deed
referred to was defective in that it did not set forth the individ-
ual names of the three vendees given in said deed, and that
this negligent omission of the chief engineer and surveyor of
the city was perpetuated by the city solicitor when suit was
brought to enforce payment of delinquent taxes.

On July 24, 1858, Henry Holthausen, Charles E. Claghorn
and Joseph C. Fryer purchased, as tenants in common in equal
shares, the land in question, and their deed therefor was duly
recorded September 23d following.   As required by the regis-
try act, they presented the deed to the proper officer for regis-

try, and he stamped thereon that the same was duly registered
January 7, 1871.    Having thus performed their duty, the said
owners had a right to rely upon the guarantee of the registry
act that no proceeding should be taken against their property
except by process issued in their names as registered owners,
and that proper effort would be made to serve such process on
them.    The act declares: "If said duty . . . . shall have been
discharged by the party who shall have acquired title, in what-
soever manner, before the tax accrued as a lien of record, for
which the same shall have been sold, the purchaser at the tax
sale shall not acquire the title of such person who shall have
performed said duty, or of his heirs and assigns, unless the sale
shall have been made in the name of such owner, after service
of process upon him, as in the case of suit by summons."

As has been suggested, the property was carelessly and neg-
ligently registered, not in the name of three owners, as it should
have been, but in the name, " Henry Holthausen, et al."    The
abbreviation, " et al." was thus substituted for the names of
Charles E. Claghorn and Joseph C. Fryer, two of the owners.
This was never corrected, nor does it appear that any effort
was made to correct it.    On the contrary, when the city filed its
claim, the patent blunder of the registry bureau was repeated by
the law department, notwithstanding the registry disclosed the
date of the deed, etc., and the words " et al." clearly indicated
that Henry Holthausen was not the only owner.    The result
was that plaintiffs were deprived of that protection which it
was the chief object of the registry act to ensure.    The court
was clearly right in virtually holding that the proceedings, from
the defective registration down to the sale of the property both
inclusive, were a series of blunders, the consequences of which
could not be visited on the plaintiffs.    If defendant's conten-
tion should prevail, the registry act, instead of being a protec-
tion to law-observing property owners, would be a snare into
which any one might fall.

Throughout the proceedings, by which it is claimed plain-
tiff's title was divested, the ownership was treated as being in a
single person, Henry Holthausen.    Efforts to find and serve
him were of course fruitless because of his disappearance; but
it does not appear that any effort was put forth to ascertain
who were represented by the words " et al." on the registry.

Reference to the record of the deed would have readily furnished that information.   There is nothing in the record that would justify a reversal of the judgment.

Judgment affirmed..