# Cunningham *v.* Neeld.

*Tax sale—Description of real estate—Assessment—City of Pittsburg—Act of February 24, 1871.*

The act of February 24, 1871, carefully provides a complete system of registration of real estate in the city of Pittsburg, and is intended to facilitate the assessment of real estate and the collection of taxes, and at the same time to give reasonable protection to landowners against the blunders of negligent officials. The Supreme Court will not relax in any way the plain requirements of this statute.

Where a deed is to a grantee in his proper name, and the deed contains an accurate description of the property and the registration in the city engineer's office is in exact accordance therewith, it is no hardship to require of the delinquent tax collector compliance with the provisions of the law requiring accuracy of description. If, in such a case, a tax lien is filed which omits the middle initial of the grantee, and the land is described as being situated upon a certain street according to a plan named, which plan nowhere appears of record, and the side of the street is not stated, nor any other streets by which the land may be located, a tax sale under the lien cannot be sustained, and a sheriff's deed following the description of the lien will be rejected in an action of ejectment by the representatives of the original owner to recover the land.

*Statute of frauds—Deeds—Description—Parol evidence.*

A deed must be construed ex visceribus suis; and if the intent is clearly expressed and there is no ambiguity in the description, no evidence of extraneous circumstances can be received to alter the deed.

Argued Oct. 22, 1900. Appeal, No. 55, Oct. T., 1900, by defendants, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1899, No. 141, on verdict for plaintiff in case of John P. Cunningham et al. v. Hettie H. Neeld, executrix of John R. Neeld, deceased, et al. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Ejectment for three lots of land in the nineteenth ward of the city of Pittsburg. Before Evans, J.

The facts are fully stated in the opinion of the Supreme Court.

At the trial defendants' counsel made the following offer:

Mr. Hays: We offer deed of William McCallin, high sheriff of Allegheny county, to John R. Neeld, dated July 1, 1882.

Objected to as incompetent, immaterial and irrelevant generally, and more especially, first, because it does not purport to be a sale of property of the common source of title, Robert A. Cunningham; second, because the land referred to in the deed is not the land described in the writ; and third, because the description of what purports to be sold is so vague and indefinite that it cannot be located by any person.

Objection sustained. To which ruling counsel for defendant excepts and bill is sealed for defendant. [1]

Counsel for defendants propose to prove that there was no other man of that name in the ward.

Objection sustained. To which ruling counsel for defendants excepts and bill is sealed for defendants. [2]

The court gave binding instructions for plaintiffs.

Verdict and judgment for plaintiffs. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence quoting the bill of exceptions; (3) in giving binding instructions for plaintiffs.

*W. B. Rodgers*, with him *Joseph Hays*, for appellants.—The rule in relation to description of land sold for taxes is that where the assessment wholly fails to lead to identification so that neither the owner nor the officer can tell that this land is taxed, the duty of payment cannot be performed and the assessment is void: Philadelphia v. Miller, 49 Pa. 455; Glass v. Gilbert, 58 Pa. 290; Thompson v. Fisher, 6 W. & S. 520.

It is no more necessary in an assessment than in any other legal proceeding to use a middle name; in other words the rule of law that only one Christian or given name is recognized, applies to tax proceedings generally: Welty's Law of Assessments, 134; Bratton v. Seymour, 4 Watts, 329; Raul v. Johnson, 9 Phila. 32; Clute v. Emmerick, 26 Hun, 12; Stewart v. Colter, 31 Minn. 385.

Where a long period of acquiescence has continued as here, the act of the officer of the court judicially affirmed by the acknowledgment of the deed affords a strong presumption that

the land is the same: St. Bartholomew's Church v. Wood, 80 Pa. 219; Glass v. Gilbert, 58 Pa. 289.

*Charles P. Orr*, with him *Thomas C. Lazear*, for appellees.— The description is such that the deed is void both under statute of frauds and for uncertainty: Mellon v. Davison, 123 Pa. 298; Hammer v. McEldowney, 46 Pa. 334.

Parol evidence is not admissible: Ballou v. March, 133 Pa. 64; Soles v. Hickman, 20 Pa. 180; Ferguson v. Staver, 33 Pa. 411; Duffield v. Hue, 129 Pa. 94.

This court has invariably required a strict compliance with the provisions of the act of 1871 and similar acts of assembly in similar cases: Fricke v. Safe Deposit & Trust Co., 152 Pa. 231; Fryer v. Magill, 163 Pa. 340; Gans v. Phila., 102 Pa. 97.

The middle name is made of great importance in many cases, as for instance in controversies between lien creditors: Wood v. Reynolds, 7 W. & S. 406; Hutchinson's App., 92 Pa. 186; Myer v. Fegaly, 39 Pa. 429. But in none is it more important than in cases like the present, and especially since the act has made its use imperative where the owner has returned, with the registration of his deed, his full name, including the middle initial as part of it.

OPINION BY MR. JUSTICE POTTER, January 7, 1901:

The plaintiff brought this action of ejectment in the court below to recover possession of a lot of ground in the nineteenth ward of the city of Pittsburg, fronting 180 feet on Beatty street and running back 200 feet. The land in controversy was a part of a tract consisting of five lots fully described in a deed from William Clendenning to Robert A. Cunningham under whom both parties claim title. The five lots were numbered 16, 17, 18, 19 and 20 in a plan laid out by W. O. Leslie and duly recorded, and when taken together were bounded and described as follows, to wit:

Beginning on the southwestern corner of Margaret and Eleanor streets in said plan; thence extending along Eleanor street southwesterly, 300 feet; thence extending back northwesterly between the line of lot number fifteen in same plan, and said Margaret street, preserving the same width, 200 feet to Berlin street.

This deed giving this description bore date, November 3, 1873,

and was duly registered in the city engineer's office of the city of Pittsburg upon the same date, and was also recorded in the recorder's office of Allegheny county. It will be noted that the description above given is definite and accurate not only with regard to the side of the street upon which the lots are located, but also with reference to other streets upon which they bound.

It appears also that the provisions of the act of February 24, 1871, requiring the owners of lots to furnish descriptions of their property to the city engineer, were complied with in this case, and that the lots were properly registered in the name of the owner, Robert A. Cunningham. This having been done, there was nothing to prevent the delinquent tax collector from procuring at the office of the city engineer an accurate description of the real estate upon which the delinquent taxes were assessed. The act carefully provides a complete system of registration for the city of Pittsburg, and is intended to facilitate the assessment of real estate and the collection of taxes, and at the same time to give reasonable protection to landowners against the blunders of negligent officials. We are not disposed to relax in any way the plain requirements of this act. Its value has already been recognized in Safe Deposit & Trust Co. v. Frick, 152 Pa. 231; and a similar act of assembly applicable to the city of Philadelphia, was approved in Fryer v. McGill, 163 Pa. 340.

In the present case the deed was to Robert A. Cunningham, and the registration in the city engineer's office was in exact accordance therewith; and in the language of the act, "no property so returned shall be subject to sale for taxes or other municipal claim thereafter to accrue as lien of record thereon except in the name of the owner so returned." It is no hardship to require of the delinquent tax collector compliance with the provisions of the law requiring accuracy of description.

A municipal lien was filed at No. 36, March term, 1882, against three of these lots, Nos. 16, 17 and 18, but in the name of Robert Cunningham instead of Robert A. Cunningham, as registered, and the property was described simply as "three lots 60×200 each, Beatty street, Leeter plan, Nos. 16, 17 and 18, 19th ward." Sci. fas. were issued and judgment was entered May 16, 1882, and lev. fa. issued to the first Monday of

June; and on June 5, 1882, the property was sold to John R. Neeld and a sheriff's deed to the purchaser duly acknowledged and delivered.

At the trial in the court below, in response to the prima facie case clearly made out by the plaintiff, the defendant offered in evidence this sheriff's deed, which under objection was ruled out. This action of the court in excluding the sheriff's deed is the subject of the first assignment of error. The objection to the admission of the deed was put upon the grounds, first, that it did not purport to be a sale of property of the common source of title, Robert A. Cunningham; second, because the land referred to in the deed is not the land described in the writ; and third, because the description of what purports to be sold, is so vague and indefinite that it cannot be located.

The description in the deed is as follows: "All those certain lots of ground in the 19th ward, city of Pittsburg, county of Allegheny, and State of Pennsylvania, bounded and described as follows: Three lots, Leeter plan, Nos. 16, 17 and 18 fronting 180 feet on Beatty street and running back 200 feet, more or less." It cannot be contended, that from this description alone, it would be possible to locate the property in dispute, or identify it as the same property described in the deed to Robert A. Cunningham. There is nothing to show upon what part of Beatty street the lots are situate, or upon what side of the street, nor is there any such plan in existence as "Leeter plan." It is therefore impossible to identify the description in the deed with the land described in the writ, without the aid of parol testimony, and this is forbidden by the statute of frauds: Mellon v. Davison, 123 Pa. 298. There is no ambiguity in the description. The subject-matter of the grant, as it clearly appears in the deed, is not in doubt.

It is said in Caldwell v. Fulton, 31 Pa. 489: "It is however the settled rule, that a deed must be construed ' ex visceribus suis.' " When the intent is clearly expressed, no evidence of extraneous facts, or circumstances, can be received to alter it. We therefore see no error in the rejection by the court below of the offer of the sheriff's deed to John R. Neeld.

The other rulings specified in the assignments of error show no reason for reversing the judgment. The assignments are therefore dismissed.

Judgment affirmed.