## Baines *v.* Alker, Appellant.

*Tax sale—Registration—Act of February* 24, 1871.

Where property purchased by Joseph Baines in his lifetime is conveyed
after his death to " Jane Baines, administratrix of Joseph Baines, de-
ceased," and is registered in Allegheny county under the act of Feb-
ruary 24, 1871, under the name " Jane Baines, administratrix of Joseph
Baines, deceased," and the property is subsequently sold for taxes in the
name of " Mrs. Jane Baines," the tax sale, and the deed based thereon
are invalid as against the heirs of Joseph Baines, deceased.

Argued Oct. 28, 1903.   Appeal, No. 59, Oct. T., 1903, by
plaintiff, from judgment of C. P. No. 3, Allegheny Co., Aug. T.,
1901, No. 556, on verdict for plaintiff in case of William T.
Baines, Robert S. Baines and Rachel L. Baines v. Ann Alker.
Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.
Affirmed.

Ejectment for land in the thirteenth ward of the city of
Pittsburg.   Before McCLUNG, J.

The jury returned a verdict for plaintiffs subject to the
question of law reserved, whether there was any evidence to
support the claim of the plaintiff.   On a motion for judgment
for defendant non obstante veredicto, McCLUNG, J., filed the
following opinion :

The title of the defendant depends upon the validity of the
tax sale by the city of Pittsburg at which her vendor bought,
and which she claims divested the title of plaintiffs.

In 1849 Joseph Baines purchased the land in question from
Reis & Berger under articles of agreement.

In 1851 Joseph Baines died intestate leaving a widow who
became his administratrix, and four sons, viz : James C.,
Robert S., Joseph M. and William L. Baines.

In 1856 in consummation of the purchase by Joseph Baines,
Reis & Berger conveyed the lot to " Jane Baines, administratrix
of Joseph Baines, deceased, in trust for the heirs and legal
representatives of said intestate · . . . . To have and to hold
. . . . to the said party of the second part, etc., her heirs and
assigns, forever, in trust as aforesaid, and with like effect as if

this conveyance had been made to Joseph Baines in his lifetime."

Joseph M. Baines died in 1871, devising his interest in the estate to his brothers.

James C. Baines died in 1884, testate, devising his interest in the property to his widow Rachel L. Baines, one of plaintiffs. The other two plaintiffs are the surviving sons of Joseph Baines.

After the passage of the registry act of February 24, 1871, to wit : April 15, 1873, the deed to Jane Baines, administratrix, etc., above described, was brought to the city engineer's office for registration by James C. Baines (a son of Joseph Baines, whose widow and devisee is one of the plaintiffs). The usual registry blank was filled up, the name of the present owner being given as " Jane Baines, administratrix of Joseph Baines, deceased." There was then given a proper description of the property and the paper was signed by James C. Baines as agent for the owners.

The taxes for the years 1887 and 1888, together amounting to $49.80 became delinquent, and the city having assessed the property in that name, filed a tax lien at No. 33, December term, 1889, D. T. L., against " Mrs. Jane Baines," properly describing the property.

October 1, 1889, a sci. fa. was issued to the first Monday of November, 1889. This was returned nihil as to defendant and premises posted.

July 11, 1890, Mrs. Jane Baines died.

December 16, 1890, an alias sci. fa. was issued to the first Monday of January, 1891, and the same return made.

February 11, 1891, judgment in default was entered sec. reg. for $51.29. A lev. fa. was issued to the first Monday of March and the property was advertised. This writ was stayed. An alias lev. fa. was issued to the first Monday of June, 1891, at which date the property was sold to the Duquesne Company for $1,100. The special return shows that of proceeds of sale $308.47 was distributed to taxes and costs thereon from 1882 to time of sale,—to costs of writ, $63.95,—$682.50 to a judgment against Jane Baines, and the balance $45.08, to the defendant in the writ. (This $45.08 was never receipted for.) The return was confirmed absolutely May 20, 1892.

The Duquesne Company received a deed for the lot in dispute and by deed dated May 23, 1892, conveyed it to William Alker and Ann Alker, his wife. William Alker died October 12, 1893, and his widow became the sole owner and now occupies the premises.

Jane Baines had no other property in the thirteenth ward, Pittsburg.

The proceedings are regular and the only question is whether, under the facts in the case and under the registry act of 1871, a sale for taxes in the name of " Mrs. Jane Baines " conveys a good title,—the registered owner being " Jane Baines, administratrix of Joseph Baines, deceased."

We assume that the owners of the property were bound to see that it was properly registered; that is, that a sale in the name as registered would carry the title as against the owners, even when the deed was exhibited to the city engineer and he failed to fill the blanks properly.

Of course, notwithstanding the act, a sale in the name of the real owner (after notice, etc.) would carry the title even if he were not the registered owner.

The present proceeding would have conveyed whatever interest Mrs. Baines had in the lot, had it occurred during her lifetime, but she died before the alias sci. fa. was issued.

We have then simply the case of the real owners being the present plaintiff—the registered owner, " Jane Baines, administratrix of Joseph Baines, deceased," and a sale in the name of " Mrs. Jane Baines."

The provision of the registry act is, " No property . . . . shall be subject to sale for taxes . . . . except in the name of the owner as returned."

This sale was not " in the name of the owner as returned."

The burden is on the defendant to show that the variation is immaterial. Her counsel contend that the words administratrix of Joseph Baines, deceased, are merely descriptive of the person, and therefore for the purposes of this case surplusage.

The deed, however, is to Mrs. Baines under this description. It was made to her doubtless because she occupied this relation to the estate, and the words administratrix, etc., at least suggest that she does not hold in her own right. Certainly that would be the suggestion to the owners here. Besides, the

question here is of notice by a writ; and a writ against an administratrix, even when the question of charging real estate is concerned, is very different from a writ against one personally. The usefulness of this very just and useful registry act would be destroyed if in its application a rule were adopted which left the effect of a sale uncertain. It is to the interest of the city as well as the property owner that there should be no doubt as to the effect of the sale. It calls for at least as much certainty as the matter of the lien of a judgment. It would be difficult to lay down a rule that would even approach certainty, if we draw the line outside of the present variation. There may be, of course, variations so trivial that they will mislead no one, and hence will not affect the title of the purchaser. But the present is not of that class. It is certainly not unreasonable to expect the city to follow her own records with care and accuracy.

Such proceedings as sales for taxes should be conducted with due regard to the interests of the owners who may not receive actual notice; and hence in such way that the property will bring its full value at the sale. In the case of a sale of Pittsburg property for taxes, every careful bidder would undoubtedly compare the name given in the sci. fa. with that upon the registry, and it is pretty certain that a variation such as the present one would drive off all but speculative bidders.

It would seem to be a pretty conclusive answer to the allegation that the variation is an immaterial one, that of the proceeds of sale over sixty-two per cent were distributed, and upon the record as made up, properly distributed to a judgment against Jane Baines.

This would not have been done had the sale been "in the name of the owner as returned."

We are of the opinion that the sale for taxes was not in the name of the owner as returned, and that plaintiffs' title was not divested.

And now, to wit: February 7, 1903, the rule for judgment in favor of defendant non obstante veredicto is discharged and it is ordered that judgment be entered for the plaintiffs upon the verdict upon payment of the verdict fee.

*Error assigned* was in entering judgment for plaintiff on the verdict.

*William M. McGill,* with him *Thomas D. Chantler* and *William H. McClung,* for appellant, cited : Cable v. Cable, 146 Pa. 451 ; Billington's App., 3 Rawle, 48 ; Oeslager v. Fisher, 2 Pa. 467 ; Fell's Est., 9 W. N. C. 382 ; Johnson v. Bliss, 11 W. N. C. 293 ; Rockwell v. Tupper, 7 Pa. Superior Ct. 174 ; Safe Dep. & Trust Co. v. Fricke, 152 Pa. 231 ; McKay v. Trainor, 152 Pa. 242 ; Bonnett v. Murdock, 193 Pa. 527 ; Cunningham v. Neeld, 198 Pa. 41 ; Pittsburg v. Magee, 15 Pa. Superior Ct. 264 ; Green v. Belford, 4 Penny. 65 ; Fryer v. Magill, 163 Pa. 340.

*C. C. Dickey,* of *Shiras & Dickey,* for appellees, cited : Safe Dep. & Trust Co. v. Fricke, 152 Pa. 231 ; McKay v. Trainor, 152 Pa. 242 ; Green v. Belford, 4 Penny. 65 ; Fryer v. Magill, 163 Pa. 340.

PER CURIAM, November 9, 1903 :

We can add nothing of weight to the very clear and concise opinion of the learned judge of the court below on the reserved point.

On that opinion the assignments of error are overruled and the judgment is affirmed.