## Philadelphia v. Smith.

*Municipal lien—Scire facias—Registered owner—Devise—Registry Acts—Philadelphia—Acts of March* 14, 1865, *P. L.* 320, *and March* 29, 1867, *P. L.* 600.

Where, after a scire facias on a municipal lien has been issued, the owner of the land dies having devised it to another, judgment may be taken on the scire facias without notice to the devisee, if the latter has failed to register his title as provided by the Acts of March 14, 1865, P. L. 320, and March 29, 1867, P. L. 600, in force in Philadelphia.

Argued Oct. 5, 1905. Appeal, No. 122, Oct. T., 1905, by Frances Ledwith, from order of C. P. No. 4, M. L. D., Phila. Co., Dec. T., 1891, No. 35, discharging rule to strike off judgment in case of City of Philadelphia v. Michael Smith. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to strike off judgment.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order discharging rule to strike off judgment.

*Charles H. Downing,* for appellant.—A judgment will be set aside when it is shown that the defendant was dead before the day on which judgment was entered : Lanning v. Pawson, 38 Pa. 480 ; Dellone v. Wagner, 2 York, 41 ; Tobias v. Dorsey, 2 W. N. C. 15 ; Gordon v. Bartley, 4 W. N. C. 37.

The principle that a judgment for want of an affidavit of defense cannot be taken against a dead man is in no way overruled by the fact that a municipal claim is generally regarded as a proceeding in rem, and not in personam : Philadelphia v. Dungan, 124 Pa. 52 ; Delaney v. Gault, 30 Pa. 63 ; White's Estate, 45 Legal Int. 394.

*Mayne R. Longstreth,* with him *James Alcorn,* assistant city solicitor, and *John L. Kinsey,* city solicitor, for appellee.—The judgment is in rem against the land only and imports no personal liability on the part of the defendant named in the writ : Northern Liberties v. Coates, 15 Pa. 255 ; Delaney v. Gault, 30 Pa. 63 ; Wistar v. Phila., 86 Pa. 215 ; Emrick v. Dicken, 92 Pa. 78 ; White v. Ballantine, 96 Pa. 186.

It is unnecessary for the city of Philadelphia to serve or even join the owner of land in any proceedings upon a city claim against the land unless such owner is also the registered owner in the registry bureau : Phila. v. Peyton, 25 Pa. Superior Ct. 350, citing : Wistar v. Phila., 86 Pa. 215 ; Emrick v. Dicken, 92 Pa. 78 ; Northern Liberties v. Coates, 15 Pa. 215 ; Delaney v. Gault, 30 Pa. 63 ; Soullier v. Kern, 69 Pa. 16 ; White v. Ballantine, 96 Pa. 186 ; Phila. v. Unknown Owner, 148 Pa. 536 ; Phila. v. Unknown Owner, 20 Pa. Superior Ct. 203.

That the heir or devisee must register is expressly decided in Funk v. Harkness, 3 Pa. Dist. Rep. 423.

OPINION BY BEAVER, J., November 21, 1905 :

The city of Philadelphia filed a municipal lien December 31, 1891, against Michael Smith, owner or reputed owner and registered owner, or whosoever may be owner "against all that certain lot or piece of ground situate on the west side of Alder street and north side of Norris street in the twentieth ward of the city of Philadelphia, containing in front or breadth on the said Alder street seventy-five feet, and extending of that width in length or depth westward along the north side of said Norris street fifty feet ; for work done and materials furnished by the said city in laying sewer in front of said lot in Alder street, and duly assessed and charged, as follows," etc.

A scire facias was duly issued upon this lien December 3,

1896, upon which the return of the sheriff was " made known to Michael Smith, owner, etc., and registered owner, residing at 1015 Norris street, by leaving, December 16, 1896, a true and attested copy of the within writ at his dwelling house, with an adult member of his family."

June 4, 1901, a judgment in the said scire facias was taken for want of an affidavit of defense.   March 16, 1905, a rule to strike off this judgment was allowed, upon the petition of Frances Ledwith who alleged, first, that Michael Smith, the defendant above named, died on or about April 1, 1899; setting forth also the various dates of the issuing of the sci. fa., and the taking of judgment for want of an affidavit of defense and that " Your petitioner further says that she is the owner of said premises by devise under the will of said Michael Smith, deceased."

Upon hearing, the rule to strike off the judgment was discharged, and from that decree this appeal is taken.

Assuming that the dates herein set forth were all correct, an affidavit of defense was due and judgment might have been taken in the scire facias long before the death of Michael Smith.

It would seem from the petition for the rule to show cause that the petitioner had not registered her title and that seems to be admitted in the discussion of the case.   What are known as the registry acts, the first of which is entitled " An act to promote the more certain and equal assessment of taxes in Philadelphia," passed March 14, 1865, P. L. 320, and the supplement thereto March 29, 1867, P. L. 600, seem to impose the duty of registration upon seller or buyer, devisee or heir.   In the latter act it is provided : " That the duty of registering real estate in the city of Philadelphia shall hereafter devolve upon the purchaser, devisee by will, the person to whom an allotment in partition shall have been made, or their agent, and they shall be required to present their deeds or title papers at the registry bureau, so that the same may be indorsed in accordance with the act of assembly to which this is supplementary," etc.   It was, therefore, incumbent upon the devisee to have registered her title, if she expected to receive notice of any proceedings had upon the mechanic's lien which was filed, not against her father but against the lot of which he was the

owner or reputed owner and registered owner at the time when the lien was filed and the scire-facias issued.

It must be remembered that this is a proceeding in rem and, whilst the registered owner is entitled to notice, it is only because his or her title is registered and not because notice to an owner is essential to the validity of the proceedings upon a municipal lien, in case there is no registered owner, because, as we have said in the city of Philadelphia v. Peyton, 25 Pa. Superior Ct. 350 : " When the title has not been registered at the time the claim accrues as a lien of record, the mention of the name of the owner in connection with the assessment of the land is only required as descriptive of the land and, when the assessment and the claim within themselves clearly and absolutely identify the land, that is all that is required. The owner of land who has not registered his title is left in the same position which he would have occupied if these statutes (the registry acts above referred to) had never been enacted. His property may be sold under proceedings to which he is not made a party and of which he has no notice : Phila. v. Unknown Owner, 148 Pa. 536 ; Phila. v. Unknown Owner, 20 Pa. Superior Ct. 203. This was strictly a proceeding in rem from its inception, and the subsequent and long belated registration of the title had no effect upon its character, for to it the registration acts have no application."

Although the facts are somewhat different here, the same reasoning applies. The lien was properly filed, the scire facias properly issued and properly served. It appearing that no affidavit of defense had been filed, we cannot see why, the proceeding being strictly one in rem, the judgment should not have been taken at the time it was entered, for the want of it. If the present appellant had registered her title prior to that time, she might, with some reason, have complained that this should have been done without notice to her, or possibly without an alias scire facias, so as to give her notice of the claim, but she is not in a position, having failed to register her title, to complain of want of notice.

The authorities cited by the appellant and upon which she relies, as to the necessity of serving the heirs or representatives of a deceased owner, all relate to cases in which the actions were in personam and do not, therefore, here apply. The case

of Scranton v. Manley, 13 Pa. Superior Ct. 439, has no application here, first, for the reason that the judgment therein was irregularly entered, without service upon the defendant who was dead, within the ten days required by the statute; and, secondly, because the registry laws relating to Philadelphia do not apply to the city of Scranton.

Upon a review of the whole case, we see nothing erroneous in discharging the rule to show cause.

Order affirmed and appeal dismissed at the costs of the appellant.