## Philadelphia to use v. Nell, Appellant.

*Municipal lien—Scire facias—Notice to registered owner—Philadelphia County.*

Where a scire facias is issued by the city of Philadelphia on a municipal claim for curbing and grading, and personal service of the writ is had on the registered owner, and judgment is entered for want of an affidavit of defense, the city on a subsequent scire facias to revive is not obliged to give notice to the owner who has succeeded to the title of the original defendant, although such owner may have registered his title.

Argued Oct. 10, 1905. Appeals, Nos. 11 and 12, Oct. T., 1905, by defendants, from order of C. P. No 2, Phila. Co., March T., 1880, Nos. 62 and 63, M. L. D., making absolute rule for judgment for want of a sufficient affidavit of defense in cases of City of Philadelphia to use of Jacob M. Peters v. John Wallace and Frank Nell, registered owners, and Samuel

Rowen and John H. Stokley, suggested actual owners, and the City of Philadelphia to use of Jacob M. Peters v. Frank C. Nell and John Wallace, registered owner, Paul Thurlow, owner, and Samuel Rowen and John H. Stokely, suggested actual owners. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Scire facias to revive a judgment entered on municipal claims.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*C. R. Woodruff*, for appellants.

*Byron Woodward*, for appellee.

OPINION BY PORTER, J., May 14, 1906:

The city of Philadelphia, on May 13, 1880, filed a municipal claim for curbing and grading against a lot on the southwest corner of Indiana and Boudinot streets, and against Frank C. Nell and John Wallace, registered owners, and Paul Thurlow, registered and known owner. A writ of scire facias to continue the lien of the claim was issued on March 6, 1885, and personally served upon Paul Thurlow, the registered and actual owner, and judgment duly entered, on April 25, 1885, for want of an affidavit of defense. Writs of scire facias were issued to revive and continue the lien of the claim on March 14, 1890, and April 19, 1890, respectively, and were returned nihil habet, and judgment for want of an appearance was entered on September 25, 1893. Proceedings were again taken to revive and continue the lien of the claim in 1898, writs of scire facias having issued on June 17, and July 20, respectively, and judgment was entered upon two returns of nihil habet on October 20, 1898, for want of an appearance. On June 22, 1903, a suggestion was filed of record that Samuel Rowen and John H. Stokley were then the actual registered owners, and on the same day a writ of scire facias issued to continue the lien of the claim, which writ was personally served on Rowen and Stokley and there was a return of nihil habet as to the other

defendants.   An alias scire facias issued, on July 13, 1903, and
was as to the defendants other than Rowen and Stokley duly
returned nihil habet.   The defendants Samuel Rowen and John
H. Stokley filed affidavits of defense, which the learned judge
of the court below held to be insufficient and made absolute a
rule for judgment, from which order Rowen and Stokley ap-
peal.   The affidavits aver that Paul Thurlow was the actual
owner of the lot in question at the time the work was done for
which the lien in this case was filed, and also at the time the
original scire facias on the claim issued, and that he had duly
registered his title in the bureau of surveys of the city of Phila-
delphia on June 8, 1876.   This allegation of the affidavits
makes it clear that Thurlow was the actual and registered
owner of the lot at the time this municipal claim accrued as a
lien of record, and it is an undisputed fact that he was in the
claim named as owner, and that the original writ of scire facias
was served upon him personally as in the case of a summons.
The city had therefore met the requirements of the Acts of
March 14, 1865, P. L. 320, and March 29, 1867, P. L. 600, by
making the registered owner a party to the proceeding, and
had duly recovered a judgment against the property, in a pro-
ceeding to collect the claim in which there was a personal serv-
ice of the writ upon the registered owner.

The only defense averred in the affidavits is that William D.
Neilson purchased the property at sheriff's sale on July 1, 1895,
and duly entered his deed for the same in the registry office
of the bureau of surveys on July 15, 1895; that said Neilson,
the then actual and registered owner of said lot, who had duly
recorded and registered his deed therefor, was not made a
party defendant in the scire facias which issued to continue
the lien of the claim in 1898.   The deponents aver that the
lien of the claim has expired because of the failure to summon
Neilson as a defendant in the proceedings to revive the lien
had in 1898.

The learned counsel representing the appellants contends
that the registry acts of March 14, 1865, and March 29, 1867,
require that the registered owner at the time the scire facias
issues shall be made a party to the proceedings, and that the
Act of June 1, 1887, P. L. 289, "limiting the time during
which judgments shall be a lien on real estate" makes it

incumbent on municipalities to summon all purchasers, who have recorded their deeds, as terre-tenants in all proceedings upon municipal claims and for taxes. We cannot assent to these propositions. The act of 1887 relates only to liens having their foundation in the judgment; where there is a personal liability of the defendant, the proceedings to enforce payment are in personam. A judgment in general, unless restricted in its terms, is a lien upon all the defendant's property within the jurisdiction, and is without limitation as to the defendant. When the lien of such a judgment is said to expire, it simply loses its lien as to subsequent judgment creditors and purchasers; the personal obligation of the defendant and the lien against him continues. Proceedings upon municipal claims are purely in rem, the proceeding is against the specific property, and a judgment in a scire facias upon such a claim creates no lien. ·Although the revival of the lien is effected in the same form, the lien of the claim, either before or after judgment thereon, is of a widely different nature from that of an ordinary judgment. "It must be borne in mind, however, that judgments recovered upon mechanics' and municipal liens, mortgages, recognizances in the orphans' court, as to the lands of the principal cognizor, are not themselves liens as of the date of their entry, they simply give effect to the lien of the original debt, or lien which they represent, respectively, as a means of· enforcement and collection; therefore it is that the lien of mechanics' or municipal claims, when referred to in the various acts of assembly, even after judgment, is expressed as the lien of the debt or claim and not of the judgment:" Haddington Church v. Philadelphia, 108 Pa. 466; Helmbold v. Man, 4 Wharton, 410; Wills v. Gibson, 7 Pa. 154.

As against claims for taxes and municipal improvements the right of an owner to personal notice, in the city of Philadelphia, depends upon whether he has registered his title, under the provisions of the acts of 1865 and 1867; the fact that he had recorded his deed gives him no advantage. When the title has not been registered at the time the claim accrues as a lien of record, the mention of the name of the owner in connection with the assessment of the land is only required as descriptive of the land, and when the assessment and the claim themselves clearly and absolutely identify the land, that is all

that is required. The owner of land who has not registered his title may have his property sold under proceedings to which he is not made a party and of which he has no notice: Northern Liberties v. Coates's Heirs, 15 Pa. 245; Delaney v. Gault, 30 Pa. 63; Soullier v. Kern, 69 Pa. 16; Wistar v. Philadelphia, 86 Pa. 215; Emrick v. Dicken, 92 Pa. 78; White v. Ballantine, 96 Pa. 186; Philadelphia v. Unknown Owner, 148 Pa. 536; Philadelphia v. Peyton, 25 Pa. Superior Ct. 350. If a terre-tenant is entitled to notice of a scire facias upon a municipal claim which accrued as a lien of record before he acquired title, it can only be because of the provisions of the registry acts of 1865 and 1867. The Acts of March 14, 1865, P. L. 320, and March 29, 1867, P. L. 600, were intended to provide and perfect a system of registration of all the titles of the city, for the purpose of rendering the assessment and collection of taxes convenient and certain, and the protection of the interests not only of citizens but of the municipality. The earlier statute related to the general taxes only, the later one related to both taxes and municipal claims. The statutes imposed upon owners of property the duty of registering their title, and the provision regulating the procedure to collect taxes and municipal claims which it is now material to consider is in the following words: " And further, no property, so returned, shall be subject to sale for taxes, or other municipal claims thereafter to accrue as a lien of record thereon, except in the name of the owner as returned, and after recovery by suit, and service of the writ on him, made as in case of a summons." The registration of the property, at the time the claim accrues as a lien of record, determines the name of the owner who is entitled to personal service. The owner who has returned his property is entitled to personal service of the scire facias upon a claim which accrues as a lien of record after the registration. The municipality is no more bound to give personal notice to one who subsequently becomes a registered owner than it is to notify a former registered owner. The right which these statutes vest in an owner who has registered his title is, that his property shall not be subject to sale, " for taxes, or other municipal claims thereafter to accrue, as a lien of record thereon, except in the name of the owner as returned, and after recovery by suit, and service of the writ on him, made as in case of a summons." This claim accrued

"as a lien of record" on May 13, 1880, and was filed against the lot and Paul Thurlow as owner; it is an undisputed fact that Paul Thurlow was the registered and actual owner, and so remained until 1895. The original scire facias was served personally upon Thurlow, and judgment was duly entered against him for want of an affidavit of defense, and this fully complied with the requirement of the act of 1867, that there be no sale of a property, "except in the name of the owner as returned, and after recovery by suit, and service of the writ on him, made as in case of a summons." William D. Neilson did not acquire title or register his deed until July 15, 1895. This claim had accrued as a lien of record long before that date, and the registration of Neilson's title could have no effect upon it or the proceedings under it. Neilson by registering his title became entitled to the protection of the act of 1867, as to claims thereafter to accrue as liens of record, but as to liens which had accrued before he acquired title, he must have known that it would be necessary for him to examine in the names of former registered owners. The acts of 1865 and 1867 did not change the nature of proceedings upon municipal claims, they are still proceedings in rem, but those statutes require that when an owner has registered his title, the proceeding against the property shall be in his name, upon any claim which accrues as a lien of record while he is the registered owner. The scire facias to continue the lien, which issued in 1898, imposed no new lien upon this property and William D. Neilson was not entitled to notice as a terre-tenant.

The judgment is affirmed.