## Philadelphia v. Dale, Appellant.

*Municipal liens—Death of defendant—Suggestion of plaintiff—Failure to register title or to intervene.*

On the trial of a municipal lien where it appears that the defendant named is dead, the trial judge commits no error in refusing to permit a suggestion of the death of the defendant to be filed, where it appears that neither the heirs of the decedent or any other persons claiming title have registered their title, or have intervened or asked to intervene as parties defendant.

Argued Dec. 16, 1903. Appeal, No. 213, Oct. T., 1913, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1906, No. 3,517, M. L. D. on verdict for plaintiff in case of Philadelphia v. Henry Dale, Owner. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Scire facias sur municipal lien for a sewer assessment.

At the trial E. O. Michener, Esq., made the following statement to the court:

Henry Dale is dead. I have a suggestion of the death of the defendant, supported by an affidavit, which I desire to file of record. I represented this man, the defendant, in his lifetime.

The Court: Do you represent anybody now?

Mr. Michener: I do not know who the man's heirs are.

The Court: I will not let that paper be filed. You do not say that you represent anybody except the original defendant.

Mr. Michener: Will your honor give me the benefit of an exception?

The Court: No, because you have no standing, your client having died. There cannot be anything put of record except by the personal representatives of the deceased, who show authority to do so. [2]

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $166.24. Defendant appealed.

*Errors assigned* were (1) in refusing binding instructions for defendant and (2) refusing to permit suggestion of death to be filed.

*Walter Biddle Saul,* for appellant.

*Henry Baur,* assistant city solicitor, with him *Michael J. Ryan,* city solicitor, for appellee, cited: Philadelphia v. Smith, 29 Pa. Superior Ct. 450; Funk v. Harkness, 3 Pa. Dist. Rep. 423.

OPINION BY HENDERSON, J., February 20, 1914:

There is nothing on the record which would have justified the court in giving binding instructions for the defendant as requested. No objection was made to the regularity of the lien or of the subsequent processes. When the case was called for trial the only defense offered was that the street on which the improvement was made was not a city street. This question was submitted to the jury by the court in a fair and adequate charge and the finding of the jury was in favor of the plaintiff. No exception was taken to the action of the court in refusing to permit a suggestion to be filed that the defendant in the

case was dead, and there is nothing on the record to support the assignment on that subject. The suggestion was not made on behalf of any owner nor was it proposed that any person intervene as a party defendant. The act of June 4, 1901, P. L. 364, permits any person having an interest in the property whensoever acquired to apply to the court for leave to become a party in such a proceeding; but as the suggestion of the defendant was not made on behalf of any owner nor accompanied by a petition to intervene, the court very properly declined to permit the paper to be filed. The proceeding is not against the individual but against the property and no personal liability arose under the proceeding. As there was no other registered owner and no intervening party in interest the case was properly proceeded with as might have been done in the case of an unknown owner: Jones v. Beale, 217 Pa. 182. There was no offer to show that the successors in title to the defendant in the writ had registered their title under the provisions of the Act of March 29, 1867, P. L. 600. An owner of land who has not registered his title is in the same position which he would have occupied if the Registry Act had not been passed. His property may be sold under proceedings to which he is not made a party and of which he had no notice: Philadelphia v. Unknown Owner, 148 Pa. 536; Philadelphia v. Smith, 29 Pa. Superior Ct. 450. As there was no attempt to intervene before the trial or to register the title and thereby connect the appellants with the land they have no standing to be heard now. The evidence was presented on the defense set forth in the affidavit of defense and the rights of any persons who may have been interested in the land seem to have been fully protected. The only question raised by the appeal is the right to proceed to trial without substituting a new defendant. Neither on the technical ground set up nor on the merits of the case is a defense presented which requires the reversal of the case.

The judgment is affirmed.