Philadelphia *v.* Sulzer's Estate
(et al., Appellants).

586

Argued October 10, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*G. Von Phul Jones,* for appellants.

*Michael D. Hayes,* Assistant City Solicitor, with him *Francis F. Burch,* City Solicitor, for appellee.

Opinion by Baldrige, J., December 11, 1940:

This is an appeal from an order of the court below

discharging the rule obtained by the appellants to show cause why a judgment entered on a sci. fa. sur municipal lien, and the levari facias thereafter issued, should not be stricken off.

Gustavus W. F. Sulzer died testate on December 26, 1909, seized of premises 252 and 254 N. Eleventh Street, Philadelphia. He bequeathed and devised the residue of his estate, including the Eleventh Street property, to the appellants, Herbert R. Sulzer and Herman W. Sulzer, in trust. A municipal lien for taxes covering these premises was filed April 1, 1935 in the sum of $1359.11.

A scire facias was issued October 27, 1937, by the City of Philadelphia correctly describing the premises in which the "Estate of *Augustavus* W. F. Sulzer" was named owner and registered owner, as defendant. The sheriff's return to the writ was "Posted and advertised January 21st, 28th and February 4th, 1938 and nihil habet as to defendant." Final judgment was entered February 24, 1938, by the plaintiff against the "Estate of *Augustavus* W. F. Sulzer" for want of an affidavit of defense and damages assessed in the amount of $1658.10. A levari facias was issued January 4, 1940, against the "Estate of *Augustavus* W. F. Sulzer" returnable February 5, 1940.

This writ was stayed upon the presentation of appellants' petition to the court on January 25, 1940, in which they set forth that they had had no actual notice or knowledge of the entry of judgment on the lien against the property in question and asked that the judgment be stricken off and the proceeding stayed so as to give them time to raise money to pay the taxes admittedly due. To support their application they averred that the judgment was improperly entered for the following reasons: (1) The sci. fa. was issued against the "Estate of *Augustavus* W. F. Sulzer", which was not a proper designation as there is no such legal entity as an estate; and (2) although the lien for taxes

was filed against the "Estate of *Gustavus* W. F. Sulzer" the scire facias and the judgment obtained thereunder were issued and had in the incorrect name "Estate of *Augustavus* W. F. Sulzer" whereas, the decedent's correct name was *Gustavus* W. F. Sulzer.

No answer was filed by the city to appellants' petition and rule. The court below, after argument, discharged the rule, which action as above stated is the subject of this appeal by appellants as trustees. They do not question the amount or validity of the lien filed for municipal taxes or the right of the plaintiff to institute proper proceedings thereunder. They claim, however, that a sheriff sale under this invalid judgment would not pass legal title to the purchaser. It is to the interest of the city as well as to the property owner that there should be no doubt as to the effect of a sale under the judgment obtained.

We deem it unnecessary to discuss or to pass upon the appellants' first position as we think the proceedings on the sci. fa. and the judgment had thereunder were irregular and invalid for the reason that the scire facias was instituted and the judgment obtained against the "Estate of *Augustavus* W. F. Sulzer" instead of the correct name of *Gustavus* W. F. Sulzer.

Under the Registry Acts of March 14, 1865, P. L. 320, Sec. 4, 53 PS §4763, and of March 29, 1867, P. L. 600, 53 PS §4767, it is the duty of all owners of real estate in the City of Philadelphia to register their title with the Registry Bureau, Department of Surveys. Section 1 of the Act of 1867, supra, 53 PS § 4767, provides that: "...... no property, so returned [registered], shall be subject to sale for taxes or other municipal claims thereafter to accrue, as a lien of record thereon, *except in the name of the owner as returned,* and after recovery by suit, and service of the writ on him, made as in case of a summons." (Italics supplied).

The law imposes the duty on every owner of real estate to register it at the Registry Bureau, and if so

registered, as this lot was, it can not be sold for taxes or other municipal claims except in the name of the owner as returned. "Although the proceeding is in rem, it is contemplated that the owner's name shall appear in the claim and proceedings thereon." *Solomon Gans v. City of Philadelphia,* 102 Pa. 97, 101; *Simons v. Kern,* 92 Pa. 455.

We said in *Philadelphia v. Lukens,* 22 Pa. Superior Ct. 298, 302, that while the Acts of 1865 and 1867, supra, do not make invalid the liens against property in the name of another than the registered owner, before the lien can be enforced by a sale of the property the owner, if he has registered his title, must be made a party to the proceeding and the property must be sold in his name.

True, the appellants do not allege that they registered their title and as a result of their failure so to do they are in the same position as if the registry acts had not been passed, and they cannot complain, therefore, because they were not named in the proceedings: *Philadelphia v. Unknown Owner,* 20 Pa. Superior Ct. 203, 207; *Philadelphia v. Smith,* 29 Pa. Superior Ct. 450; *Philadelphia v. Dale,* 56 Pa. Superior Ct. 342. That, however, does not relieve the City of correctly stating the name of the registered owner. It is not disputed and the caption of the lien indicates that the title of the property is registered in the name of *Gustavus* W. F. Sulzer. We are of the opinion under such circumstances it was incumbent upon the City to at least follow their own records with care and accuracy. If they had done so the correct christian name, *Gustavus,* instead of *Augustavus,* would have been used. There may be variations in a name so slight as not to mislead one, but here the variation was material, seriously affecting the purpose and usefulness of the registry acts. The sci. fa. and judgment against *Augustavus* W. F. Sulzer would be indexed against a different party,

and in all probability in another index book than if the christian name, *Gustavus,* as the owner had been used.

In *Cunningham v. Neeld,* 198 Pa. 41, 47 A. 954, title to the property sold on a municipal tax lien was registered under the act approved February 24, 1871, P. L. 126, requiring registration of property in the city of Pittsburgh, in the name of Robert A. Cunningham. The lien as filed omitted the registered owner's middle initial "A" and also failed adequately to describe the property. Holding the tax sale invalid, Mr. Justice POTTER stated (p. 44) : "The act [1871, supra] carefully provides a complete system of registration for the city of Pittsburg, and is intended to facilitate the assessment of real estate and the collection of taxes, and at the same time to give reasonable protection to landowners against the blunders of negligent officials. We are not disposed to relax in any way the plain requirements of this act . . . . . . It is no hardship to require of the delinquent tax collector compliance with the provisions of the law requiring accuracy of description." These observation apply equally to a case like the present where the mistake in name was not merely the omission of a middle initial, but an entirely different christian name.

In *Baines v. Alker,* 207 Pa. 234, 56 A. 433, there was a sale on a tax lien against Mrs. Jane Baines. She had registered her title under the Act of 1871 pertaining to Pittsburgh, as "Jane Baines, administratrix of Joseph Baines, deceased". The court held the sale invalid as it was not "in the name of the owner as returned."

Likewise in *Green v. Belford,* 4 Pennypacker 65, a lot registered also under the Pittsburgh Act of 1871 in the name of Jane Belford was sold under proceeding originally instituted by filing a municipal lien naming her as Jane Bedford. The Supreme Court, affirming a judgment in ejectment for Jane Belford, held the proceedings under the lien void, stating (p. 70) : "The change

of names was too great to give reasonable notice to her that she was the person intended."

The mischief aimed at by registration acts is the prevention of sales of property on tax claims without reasonable notice to owners so that they may have an opportunity to defend. Although the appellants failed to register their ownership, they had such interest in the property as would enable them to require proper enforcement of the lien against Gustavus W. F. Sulzer as the registered owner. Had the registered owner been correctly named the chances of actual notice to the appellants as real owners would have been enhanced.

We do not hold, nor do appellants claim, that the tax lien as originally filed against the estate of *"Gustavus W. F. Sulzer"* is invalid, but only the proceeding on the scire facias and the judgment obtained thereunder.

The order of the court below is reversed at appellee's costs.