Philadelphia *v.* L. Tanner & Company
(et al., Appellants).

Argued October 9, 1942.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, RHODES, HIRT and KEN-
WORTHEY, JJ.

178

[REDACTED]

*G. Von Phul Jones,* for appellants.

*Michael D. Hayes,* Assistant City Solicitor, with him *Ernest Lowengrund,* Acting City Solicitor, and *Saul, Ewing, Remick & Harrison,* for appellee.

OPINION BY BALDRIGE, J., January 28, 1943:

This appeal is by Herman W. Sulzer and Herbert R. Sulzer, trustees under the will of Gustavus W. F. Sulzer, the intervening defendants, from the order of the court below making absolute the city's rule for judgment for want of a sufficient affidavit of defense to a scire facias to revive a judgment recovered on a municipal lien for taxes.

A lien for 1933 taxes was originally filed against a property on April 1, 1935, naming the "Estate of *Gustavus* W. F. Sulzer" as owner. The city issued a scire facias October 27, 1937, directed against the "Estate of *Augustavus* W. F. Sulzer." *Gustavus* W. F. Sulzer was the last registered owner of the property in question. Upon his death in 1909 he devised the property to Herbert R. Sulzer and Herman W. Sulzer, in trust. They never have registered their title with the Registry Bureau, Department of Surveys of the City of Philadelphia. The sheriff's return to the scire facias was, "posted and advertised" on days named, "nihil habet as to defendant."

Judgment was entered by the city against the "Estate of *Augustavus* W. F. Sulzer" for want of an affidavit of defense, and a levari facias issued under the same designation. This writ was stayed upon the petition of

the Sulzer trustees, who averred that they had no notice or knowledge of the entry of this judgment, which was not correctly entered against the registered owners and asked that it be stricken off. The court below refused to grant the petitioners' prayer. This court sustained the contention of the Sulzer trustees (*Philadelphia v. Sulzer's Estate*, 142 Pa. Superior Ct. 585, 16 A. 2d 749) holding the scire facias and judgment issued, obtained and filed under an erroneous Christian name of the last registered owner, when the city had the correct registered name before it, rendered the scire facias and judgment defective. On appeal the Supreme Court, *Philadelphia v. Sulzer's Estate*, 342 Pa. 37, 20 A. 2d 233, stated page 39: "For a reason, evidently not brought to the attention of either of the courts which passed upon the case, and not adverted to in the briefs, we are of the opinion that the decision of the Superior Court should be reversed. The reason is that the mistake in setting forth the name of the defendant in the scire facias and the judgment is amendable." Citing section 34 of the Municipal Lien Act of May 16, 1923, P. L. 207, 53 PS §2054, and decisions under it permitting amendments to municipal liens, writs of scire facias issued thereunder, and acts permitting amendments generally in legal proceedings. The Supreme Court in its order directed the court of common pleas, "upon proper application, to amend the writ of scire facias and judgment entered thereon, to set forth correctly the name of the registered owner as party defendant and to allow an alias writ of levari facias to issue on the judgment as amended."

Immediately after the record was returned to the lower court the city petitioned for leave to amend the writ of scire facias and judgment to correctly name the defendant in the writ as "Estate of Gustavus W. F. Sulzer" with leave to issue an alias levari facias upon the judgment as amended, which petition the court

granted. On June 10, 1941, five days later, the city solicitor filed a suggestion directing the prothonotary to strike the "Estate of Gustavus W. F. Sulzer" from the record and substitute L. Tanner & Company as the actual registered owner of the lot. This was done. It appears that when the appeal to this court was pending, the Sulzer trustees by deed dated October 29, 1940, and duly recorded conveyed the lot in question to L. Tanner & Company, which registered its title with the Registry Bureau of the city of Philadelphia.

On September 15, 1941, the Sulzer trustees, claiming an interest as mortgagees under a purchase money mortgage given them by L. Tanner & Co., petitioned for, and were granted, leave to intervene and defend the proceedings. The city of Philadelphia on a rule taken by the intervening defendants was ordered to sue out a scire facias on the tax claim. This was done and the writ was directed to and served upon L. Tanner & Co. as registered owner and substituted defendant, and Herman W. Sulzer and Herbert R. Sulzer, trustees, intervening defendants. Service of this writ was accepted by attorneys for the respective defendants.

L. Tanner & Co. as substituted defendant filed an affidavit of defense to the scire facias, admitting the tax lien and judgment obtained thereunder, but claiming the benefits of the Tax Abatement Act approved May 1, 1941, P. L. 34, 72 PS §5574, as well as credit for part of the taxes paid by it on said lot. The Sulzer trustees filed an affidavit of defense and new matter attacking the validity of the lien as amended on the following grounds: (1) The lien for taxes expired April 1, 1940, for want of proper proceedings thereunder; (2) the city's attempt to amend the scire facias and judgment on June 10, 1941, so as to name a new registered owner, L. Tanner & Co., could not be permitted because (a) the intervening defendants and L. Tanner & Co. acquired intervening rights which could

not be cut off by amendment, (b) the Act of June 15, 1939, P. L. 349, Sec. 1, 53 PS §2135, prevented the amendment by reason of intervening rights acquired by L. Tanner & Co. prior to the amendment joining them, and (c) the registry acts applicable to Philadelphia require the real owner to be joined in the proceedings on the lien; (3) the Supreme Court's order did not permit such an amendment as the city attempted to make.

After a replication was filed the intervening defendants obtained a rule for judgment against the city on the pleadings, which was discharged. This was followed by the filing of a supplementary affidavit of defense. A rule obtained by the city for judgment for want of a sufficient affidavit of defense was made absolute against both defendants, but execution was stayed to give L. Tanner & Co. opportunity to comply with the terms of the Tax Abatement Act, supra.

In our opinion the rights of both substituted and intervening defendants were amply protected. They were given full opportunity to present any defense, accorded every substantive right which the relevant statutes afford, and intervening defendants as the sole appellants are not in a position to question the final judgment of the court below. It must be affirmed.

Appellants confuse the lien as originally filed with the proceedings thereunder by the city to foreclose that lien. No one, either in the court below, this court, or the Supreme Court, ever questioned the validity of the lien for taxes as originally filed. Furthermore, under the Supreme Court's ruling, the amendment of June 5, 1941, to the scire facias and judgment, designating the registered owner as "Estate of Gustavus W. F. Sulzer" must be regarded as proper.

It is important to remember that both appellants and L. Tanner & Co. had actual notice of the fact an appeal had been taken on the question of the validity

of the scire facias and judgment obtained against the "Estate of Augustavus W. F. Sulzer." Paragraph fifteen of appellants' affidavit of defense sets forth the terms of the mortgage given appellants by L. Tanner & Co. wherein express mention is made of appellants' original appeal in this court to test the validity of the "lien" and appellants agreed to accept a reduction in the event the city taxes were adjudged a valid "lien" against the mortgaged property. Under these circumstances, L. Tanner & Co. did not take title without notice of the lien and the subsequent proceedings thereunder by the city.

The Registry Acts of March 14, 1865, P. L. 320, Sec. 4, 53 PS §4763, and of March 29, 1867, P. L. 600, 53 PS §4767, applicable in the city of Philadelphia, require certain procedure and notice to the registered owner, where the liens accrue of record subsequent to the owner's registration. Section 1 of the Act of 1867, supra, provides that "...... no property, so returned [registered], shall be subject to sale for taxes or other municipal claims thereafter to accrue, as a lien of record thereon, except in the name of the owner as returned, and after recovery by suit, and service of the writ on him, made as in case of a summons." Under the registry acts, where the lien "accrues of record" before the new owner registers his title, the latter is not entitled to the protection of the acts: *Philadelphia v. Nell,* 31 Pa. Superior Ct. 78.

One of the principal objects of the registry acts is to insure notice to the registered owner of municipal claims affecting his property. "The object of the registry act was twofold, (a) to enable the city to designate the true owner with reasonable certainty, and (b) to provide for *actual notice to such owner of the* municipal claims affecting his property." (Italics supplied): *Philadelphia v. Dungan,* 124 Pa. 52, 56, 16 A. 524. See, also, *Philadelphia v. Lukens,* 22 Pa. Superior Ct. 298,

302; *Philadelphia v. Nell,* supra, p. 83. All parties, including L. Tanner & Co., had actual notice of the filing of the claim and proceedings thereunder, when the latter purchased the property and registered its title. The appellants, of course, were fully acquainted with all proceedings to foreclose the lien prior to their sale to L. Tanner & Co. Their taking a purchase money mortgage from L. Tanner & Co. under these circumstances gave them no such "intervening rights" as would prevent the city from amending its proceeding on the scire facias to name the new real owner.

They sat idly by and failed to raise the question when the amendment of the scire facias issued in 1937 and judgment obtained thereunder as directed by the Supreme Court. They cannot now raise the objection that the rights of innocent third parties have intervened. If any rights had intervened, it was appellants' duty at that time to raise that question and to object to the amendment. The amendment was permitted expressly on the ground no rights of third parties had intervened.

The Act of June 15, 1939, P. L. 349, Sec. 1, 53 PS §2135, relied on by appellants, relates to the amendment of municipal liens, not to writs of scire facias or judgments recovered or proceedings had on the lien. Appellants are in no position to rely on this act for reasons already stated at length.

The city did not stop with suggesting L. Tanner & Co. as the real owners but, pursuant to appellants' own rule the city issued a scire facias against both intervening and substituted defendants each of whom filed affidavits of defense. The new registered owner, L. Tanner & Co., set up no defense to the city's claim, nor did it assert any intervening rights beyond claim to the benefits of the city's Tax Abatement Act, which benefits it received under the lower court's order staying execution. The issuance of this scire facias against

both intervening and substituted defendants gave them every opportunity to present any substantive defense they might have to the proceeding on the lien. None have been presented.

The order of the court below is affirmed at appellants' costs.