## Emrick et al. *versus* Dicken.

1. A municipal lien for a street improvement is a proceeding *in rem.* It is filed against the abutting or adjacent property and involves no personal liability on the part of the owner.

2. As against the purchaser at a sheriff's sale it cannot be shown that the name of the real owner, where the property was sold as that of an "unknown owner" was known to the municipal authorities and should have been inserted in the lien.

3. By the express terms of the Act of April 1st 1870, any error or irregularity in regard to the name of the owner is cured by the sheriff's sale.

November 7th 1879.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ.    STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1879, No. 240.

Ejectment by J. C. Dicken against Elizabeth Emrick and Joseph Patterson.

George Emrick was for many years the owner of a lot in the city of Allegheny, upon which he lived with his family until his death in June 1876. In August 1873, the councils of the city adopted an ordinance for opening a street known as California avenue, in the neighborhood of, but not touching this lot. An assessment of benefits was made, and the sum of $44 assessed upon it. Upon the plan accompanying the report of viewers, there was no name attached to this lot, but in the report itself the name of George Emrick appeared as owner of it. October 13th 1874, a lien was filed in the Court of Common Pleas, in a book designated as Municipal Lien Docket, against "unknown owner," describing the lot of Emrick. Upon this a scire facias was issued the same day, returnable to first monday of November 1874, which the sheriff returned as follows : " After diligent search and inquiry being unable to find the owner or owners of the within described property within my bailiwick, I, therefore, October 31st 1874, posted a true and attested copy of this writ on the within described premises, and returned *nihil* as to defendants."

On July 8th 1875, an alias scire facias was issued, returnable to first Monday of August 1875, which was returned as follows : "July 31st, 1875, posted a true and attested copy of this writ on the within described premises, and also, gave notice by publication in one newspaper once a week, for two weeks."

Judgment was entered August 16th 1875, for $47.96, in default of appearance and affidavit of defence. On September 15th 1875, a levari facias was issued, returnable the first Monday of October 1875, upon which the property was exposed to sale, and sold to J. C. Dicken, the plaintiff, for $105, and a deed made therefor by the sheriff, acknowledged October 16th 1875.

[Emrick *v*. Dicken.]

George Emrick died in June 1876, and Elizabeth Emrick was appointed administratrix.   On the 25th of August 1877, she filed her petition in the Orphans' Court, for an order to sell the premises for payment of debts, and sold the same to Joseph Patterson, September 22d 1877, which sale was confirmed October 13th 1877. This suit was brought to recover possession of the premises.

Certain facts were admitted by the plaintiff, and the court directed a special verdict, which found all the material facts as follows:

" We find for the plaintiff for the land described in the writ, with six cents damages and costs, subject to the opinion of the court on the question of law reserved, to wit : We find that the plot furnished to the viewers to assess damages and returned with the report of viewers, had no owner marked to this lot in question.   That the formal report of viewers made the assessment against this lot and marked George Emrick as owner.   That George Emerick was in fact owner of the lot in question at the time, but had neglected to have his ownership registered in the office of the city engineer, as required by the Act of Assembly, approved 2d April 1869, P. L. p. 644.   That in fact, George Emrick was at that time living with his family in a two-story frame house on said lot, and continued to live thereon until the time of his death, in June 1876, and that he paid taxes thereon to Allegheny City up to the year 1875.   The plaintiff's title on which we find our verdict, rests on the record of the municipal lien, judgment, execution and sale thereon, with the Acts of Assembly in evidence, all of which are made a part of this verdict.   If on these facts, the court be of the opinion that the law is with the plaintiff, then judgment to be entered on the verdict in favor of plaintiff.   If the court be of the opinion, that the law is with the defendants, then judgment to be entered in favor of the defendants *non obstante veredicto*."

The court entered judgment for the plaintiff, when defendants took this writ and alleged that the court erred in this action.

*John H. Mueller* and *Slagle & Wiley*, for plaintiff in error.— The Act of 1870, sect. 15, P. L. 754, provides, that when the owner of a lot is unknown, the lien shall be filed against "unknown owner " and indexed accordingly, and a scire facias may be issued thereon.   The Act of May 20 1871, sect. 11, P. L. 1034, provides, " that when a lien is filed against unknown owners and a scire facias issued thereon, the notice thereof shall be by posting a copy thereof on the premises, and advertising in one daily newspaper of said county once a week, for two weeks, a description of the lot, the amount assessed thereon, and for what purpose; and judgment may then be entered as now provided by law, and a writ of levari facias issued and proceeded on as in other cases.

It will be observed that the return shows, that the posting of a copy of the writ, was not made until a few days before the return

day; it does not show what notice was given by publication, though the Act of Assembly is specific as to the contents of the notice; nor does it show that the advertisement was made before the return day; nor that any advertisement was made in a daily newspaper, as required by law. The defects in this return are almost identical with those passed upon by the court in the case of Wister *v.* Philadelphia, 5 Norris 215, and held to be insufficient.

It is true that the court in that case intimated, that such defects would not be available as against a purchaser at sheriff's sale, and that position was taken more distinctly in the case of Delaney *v.* Gault, 6 Casey 63; but we submit that under a proceeding, entirely statutory, and as to which the requisites for judgment are specially prescribed, that there is no hardship in holding that the record must show a compliance with all conditions upon which the judgment is authorized to be entered, especially when taken without notice to parties interested.

*John S. Ferguson* and *J. Charles Dicken*, for defendants in error.—In Wister *v.* Phila., *supra*, the contest was between the city and the lot-owner. Here as in Delaney *v.* Gault, *supra*, it is between the negligent lot-owner and the purchaser, a stranger, at sheriff's sale, who has paid his debt. Emrick must be presumed to have known of the opening of California avenue and the view thereon, and the assessment of benefits against him. The assessment was made some time prior to October 13th 1874, and the sale was not made until October 9th 1875. Even then the law gave him a year to redeem. He never attempted to pay or redeem for over two years after the assessment.

The validity of the assessment cannot be denied. The assessment was not against George Emrick. The lot was the thing assessed, and to it alone the city looked for its money. It was entirely a proceeding *in rem.*, and the requirement that the owner should be named, so far as such requirement existed, was but a part of the machinery for collection. Emrick was not entitled to any personal notice, even if his name had not been omitted from the plot, until after the assessment had been filed in court—until a scire facias issued. How then can this be said not to have been a valid assessment?

Mr. Justice PAXSON delivered the opinion of the court, January 5th 1880.

A municipal lien for street improvements is a proceeding *in rem.* It is filed against the abutting or adjacent property, and involves no personal liability on the part of the owner. In many instances it is difficult to ascertain the name of the real owner. This is especially true as regards unimproved property. Deeds

[Emrick v. Dicken.]

are often left unrecorded, and the record title is not always the true title. Hence it is that such liens are allowed to be filed against the reputed owner, or against an unknown owner. In such cases, however, the law has provided reasonable regulations to warn the real owner before his property can be sold under the lien. When the scire facias goes out it is required to be posted upon the premises, and notice given by publication before a judgment can be taken. With all these safeguards it sometimes happens that a property is sold and the title passed to the sheriff's vendee without the knowledge of the owner. Yet, even here the act relative to Allegheny county gives him one year in which to redeem. See Act of April 1st 1870, Pamph. L. 751.

It was held in Delaney v. Gault, 6 Casey 63, that a sheriff's sale under a judgment obtained upon a municipal claim, passes the title to the purchaser whether the real owner be named in the proceedings or not; and that the purchaser in such case is not bound to show that the Acts of Assembly have been strictly complied with; he is protected by the judgment. It is true, in Wister v. The City of Philadelphia, 5 Norris 215, we allowed the owner to defend against the city upon the ground of a non-compliance with the Acts of Assembly in regard to posting and advertising, but that was an entirely different question from the case of a sheriff's vendee who has paid his money upon the faith of a judicial sale; and the distinction was pointedly made in the case referred to.

Here the claim was filed against "unknown owner;" a scire facias issued, judgment thereon, and a sale of the premises by the sheriff to the plaintiff below. It appears by the special verdict, and the facts agreed upon, that George Emrick was in fact the owner of the lot and resided thereon, but had neglected to have his ownership registered in the office of the city engineer as required by the Act of Assembly of 2d April 1869, Pamph. L. 644; that the plot furnished to the viewers to assess damages and returned with the report had no owner marked to the lot in question, but that the formal report of the viewers made the assessment against this lot in the name of George Emrick as owner.

We need not discuss the minor question of the irregularity of the proceedings in regard to posting and advertising. That is disposed of by Delaney v. Gault, supra. The point for our consideration is, whether, as against a purchaser at sheriff's sale it may be shown that the name of the real owner was known to the municipal authorities, and ought to have been inserted in the lien; and that the omission to do so was such an irregularity as avoided the sale. We must be careful, in our desire to remedy a single case of apparent hardship, we do not unsettle titles in hundreds of similar cases. There have been many sales upon claims filed against unknown owners, the validity of which have never been questioned. Were we now to hold that an inquiry could be gone

11 Norris—6

[Emrick *v.* Dicken.]

into to show that the name of the owner was or might have been known when the claim was filed, it is difficult to see why all titles heretofore made upon such claims may not be attacked. The Act of 1870 *supra*, was careful to avoid this difficulty, and provided by the 14th section, "That a sale of any property by the sheriff, upon a writ of levari facias, upon any lien authorized by this act, whether the real owner is named or not, shall be deemed a proceeding *in rem*, and shall vest a good title in the purchaser to the property thus purchased." And it was provided by the preceding section (13th) that, "No mistake * * * in the name of an owner * * * shall vitiate the lien, &c." The plaintiff must be presumed to have purchased at the sheriff's sale upon the faith of this Act of Assembly. By its express terms any error or irregularity in regard to the name of the owner is cured by the sale. To hold otherwise would make the act a snare instead of a protection.

If there is any hardship in this case it is due to a considerable extent to the negligence of the owner. He appears to have made no attempt at any time to pay his assessment. It is possible he had no actual knowledge of it, but it is not probable. He knew of the opening of the street; is chargeable with knowledge that abutting and adjacent property was liable to assessment; the scire facias was posted upon his premises and duly advertised. And had he not neglected his duty to have his property registered as provided by the Act of April 2d 1869, it would not have been possible to sell it upon this claim, except in his own name as owner, and after recovery by such a service of the writ upon him as in case of a summons.

Judgment affirmed.

Justices GORDON and TRUNKEY, dissented.