## Scranton City *v.* Stokes, Appellant (No. 2).

*Municipal claim—Scire facias—Quashing scire facias—Alias writ.*

Where a municipal lien was filed in 1898, and a writ of scire facias issued in 1903, had been quashed because it conformed to the Act of June 4, 1901, P. L. 364, instead of the Act of May 16, 1891, P. L. 69, an alias writ of scire facias issued more than five years after the entry of the lien will also be quashed. The original writ being illegal and void was without efficacy to continue the lien.

Argued Jan. 13, 1905. Appeal, No. 58, Jan. T., 1905, by defendant, from order of C. P. Lackawanna Co., May T., 1903, discharging rule to quash writ of scire facias in case of City of Scranton v. P. W. Stokes. Before RICE, P J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule to quash alias writ of scire facias for paving.

The facts appear by the opinion of EDWARDS, P. J., which was as follows:

The lien for pavement in front of defendant's property was filed May 10, 1898. On May 8, 1903, two days before the expiration of the five-year period, a scire facias was issued. It appeared, on a rule to quash this scire facias, that the form of writ prescribed by the act of June 4, 1901, was used, while the lien was filed under the provisions of the Act of May 16, 1891, P. L. 69. Because the act of 1901 provides for the par-

ticular kind of writ to be issued only on liens filed subsequent to the date of that act, the scire facias was quashed. Judge KELLY'S opinion will be found in the files of the present case. It was handed down January 25, 1904.

In the meantime, the period of five years had expired. After the first writ was quashed, plaintiff issued an alias writ, and we are asked to quash the alias writ because it was issued too late, viz. : more than five years since the lien was filed, defendant claiming that the alias does not relate back to the date on which the original writ was issued. We feel very much averse to accede to this view of the case. If the proposition is correct, it follows that the property holders on Mulberry street will escape the payment for the improvement in front of their properties, by reason of a purely legal technicality. If the contention of the defendant prevails finally, it will so prevail because of some stern and unbending rule of law and not because of the justice of the claim. Defendant has called our attention to several cases which it is claimed support his contention. Whether they do or not depends on the particular facts of each case. The general rule is that an alias writ is a continuation of the original writ where there was no service of the latter on the defendant. In the case at bar there was a service of the first writ on the defendant, so that he had notice of the lien ; but the writ was quashed because it was wrong in form and required the defendant to do certain things, such as filing an affidavit of defense within fifteen days, etc., which he was not bound to do in scire facias proceedings on a lien filed prior to the act of 1901. The first writ having been quashed by the court, is the plaintiff without a remedy? We call attention to the case of Wistar v. City of Phila., 9 W. N. C. 98, where judgment had been reversed by the Supreme Court and it became necessary to issue an alias scire facias. The court, in a Per Curiam, says : " When the former judgments in these cases were reversed in this court on account of a fatal defect in the sheriff's returns to the writs of scire facias, and the records remitted to the court below, no other course was open to the plaintiffs than to issue alias writs. By that decision the entire return was avoided, and the cases stood as if there had been no return at all, or the entry had been vicecomes non misit breve. There can be no

doubt that in such a case an alias is regular; if it were not, the party would be without a remedy, except, perhaps, against the sheriff." As to this case counsel claim that the alias scire facias issued within five years from the filing of the lien. This is true as a fact, but it did not enter into the consideration or discussion of the case.

Now, August 8, 1904, the rule to quash the alias scire facias is discharged.

*Error assigned* was the order of the court.

*Thomas P. Duffy*, for appellant.—The alias writ should then be treated as an independent writ and be deemed an abandonment of the original writ, as was done under similar circumstances in Meason's Estate, 4 Watts, 341, and a long line of decisions subsequent thereto; and under this view there was no lien to revive or continue, as the lien of the municipal claim had expired almost eight months before the alias writ issued. It is a universal principle of law that the lien of a municipal claim once lost cannot be revived and is lost forever: Philadelphia v. Scott, 93 Pa. 25.

As the statutes providing for liens for municipal and mechanics' claims are in derogation of the common law, a party who invokes their protection must bring himself strictly within their provisions; they cannot be extended by implication: Tilford v. Wallace, 3 Watts, 141; Bolton v. Johns, 5 Pa. 145; Ely v. Wren, 90 Pa. 148.

*David J. Davis*, city solicitor, with him *H. R. Van Deusen*, assistant city solicitor, for appellee.

OPINION BY HENDERSON, J. July 13, 1905:

In an opinion this day filed in the appeal of the City of Scranton v. Stokes we affirmed the action of the court below quashing the writ issued to enforce the collection of a paving lien for the reason that the writ so issued was not authorized by law. The present appeal is from the refusal of the court to quash an alias writ issued in the same case. The lien was filed May 10, 1898, and the alias writ was issued February 8, 1904. More than five years had therefore elapsed after the en-

try of the lien before the writ issued. The act of May 16, 1891 P. L. 69 regulating proceedings on municipal liens, and which applied to this case, required that to continue the lien a writ of scire facias must be issued at the expiration of every period of five years after the lien was filed. It having been decided in the other appeal that the original writ was not known to the law applicable to this case and was therefore void, it follows that the defendant's application to quash the alias writ should have been granted. When the original was quashed because it was not in fact a valid writ, a subsequent writ issued on the same lien became the original and to continue the lien must have been issued within five years from the time the claim was entered. The appellee seeks to avoid the effect of the statute limiting the lien by attributing to the original writ the quality and efficacy of a writ of scire facias regularly issued and served. As it did not, however, possess that character and was unauthorized under the statute regulating such proceedings, the position is not tenable.

The order discharging the rule of March 16, 1904, to show cause why the alias writ should not be quashed is reversed, the rule is reinstated and is now made absolute.