## Findley *v.* Warren.

*Equity—Equity practice—Parties—Necessity for joinder.*

1. Where the rights of parties in interest are to be determined in an equity proceeding, they must be made parties to the bill, either as plaintiffs or defendants.

2. Where a bill in equity is filed by three of five remaindermen, praying for an injunction to prevent the removal of oil from premises of which they are remaindermen, and for an accounting, and the court finds as a fact that the two remaindermen who were not parties to the proceeding had ratified and approved the lease under which the oil was being removed, the decree must be vacated and the case remanded to permit the two remaindermen to be brought upon the record by amendment.

Argued Nov. 6, 1913.   Appeal, No. 274, Oct. Term, 1913, by plaintiffs and defendants, from decree of C. P. No. 2, Allegheny Co., July T., 1911, No. 598, in Equity, awarding an injunction and an accounting in case of Mary M. Findley (nee Warren), wife of James T. Findley, Ida A. Findley (nee Warren) wife of Robert E. Findley, and Maggie E. Wolford (nee Warren) wife of Frank Wolford, children of John Warren v. John Warren, William Munhall, The Forest Oil Company, a corporation and the South Penn Oil Company, a corporation.   Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ.   Reversed.

Bill in equity for an injunction and accounting.   Before REID, J.

The opinion of the Supreme Court states the case.

The court awarded an injunction restraining defendants from taking oil from premises of which plaintiffs were remaindermen and decreed discovery and an accounting for oil previously removed. Subsequently sur hearing for statement of account the court made certain findings of fact and law, and decreed damages to the plaintiffs in the sum of $10,949.70. Among the findings of fact was the thirty-first which, as modified, was as follows: "That the sons of John Warren, W. J. Warren and Bert Warren, coremaindermen with the plaintiffs, recognized the existence of the lease made by their father, John Warren, by working for the lessees in various capacities from time to time during the production of oil by the defendants and assisting in said production. They are not parties to the litigation and made no claim during the progress of the cause to any interest with the plaintiffs to any damages or compensation." (31)

Plaintiffs and defendants appealed.

*Errors assigned* in each appeal were, among others, dismissing the exceptions to the thirty-first finding of fact and the final decree.

*Levi Bird Duff,* for plaintiffs, appellants.

*J. McF. Carpenter,* with him *Robt. W. Cummins,* for defendants, appellants.

OPINION BY MR. JUSTICE MESTREZAT, February 9, 1914:

We are of opinion that this decree should be vacated and the case be remanded that all the parties in interest may be made parties to the proceeding. The bill was filed by three of five remaindermen to restrain the defendants from the further taking of oil from the premises, for discovery as to the quantity of the oil taken by defendants, and for an accounting for the damage done to the interests of the plaintiffs. The premises were

devised to the son of the testator for life with remainder to the son's five children. The life tenant leased the premises to the other defendants for oil purposes, and the oil was mined and removed under this lease. The learned court below in disposing of the case and entering a decree against the defendants found as a fact that the two remaindermen not joining in the proceeding "recognized the existence of the lease made by their father," and as a conclusion of law that they ratified the action of the life tenant in leasing the premises. The plaintiffs have assigned this action of the court for error. From his opinion, it appears that the learned chancellor regarded these findings as material to a proper disposition of the issues raised by the pleadings, and while it must be conceded that they would not affect the rights or interests of the two remaindermen not parties to the suit, yet the rights of the parties to this proceeding should not be adjudicated on such findings unless all parties in interest are bound by them. In an action by the two remaindermen the record in this suit would not conclude them from showing that they neither recognized nor ratified the action of their father in leasing the premises to the other defendants, and if the suit resulted in a decree for the plaintiffs, the records in the two cases would disclose contradictory findings of facts on which the decrees were entered. Whether any or all of the remaindermen recognized, approved or ratified the lease made by the life tenant does, in the opinion of the court, affect the defendants' liability to the plaintiffs in this bill, and if the question is to be determined it is apparent that all parties in interest should be plaintiffs or defendants to the proceeding.

The decree of the court below is vacated, the case is remanded with permission to the plaintiffs to amend their bill within thirty days after the filing of the remittitur by making William J. Warren and Sylvester B. Warren, brothers of plaintiffs, parties defendants, and a procedendo is awarded.