Philadelphia, Appellant, *v.* Sulzer's Estate.

Argued April 21, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Michael D. Hayes,* Assistant City Solicitor, with him *Francis F. Burch,* City Solicitor, for appellant.

*G. Von Phul Jones,* for appellees.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, May 12, 1941:

The City of Philadelphia appeals from an order of the Superior Court, striking off a judgment entered upon a scire facias on a tax lien and the levari facias issued thereon. The Court of Common Pleas had discharged a rule to strike them off.

A lien for 1933 taxes was entered against a property, the registered owner of which was described as "Estate of Gustavus W. F. Sulzer." When the scire facias was issued thereon in 1937, it was directed against "Estate of Agustavus W. F. Sulzer." Gustavus W. F. Sulzer was the last registered owner. He died December 26, 1909, devising the property covered by the lien to Herbert R. Sulzer and Herman W. Sulzer, appellees before us, in trust. They did not register as owners. The sheriff's return to the writ was "Posted and advertised" on days named "nihil habet as to defendant." Judgment was entered on the scire facias for want of an affidavit of defense against the Estate of Augustavus W. F. Sulzer, and a levari facias was issued with the same designation. This writ was stayed upon appellees' petition, in which they set forth that they had no notice or knowledge of the entry of judgment on the lien and asked that the judgment be stricken off. Time was requested to raise money to pay the taxes, admittedly due. The ground of their petition was that the scire facias and judgment did not correctly name the registered owner. The Court of Common Pleas dis-

charged the rule to strike off. The Superior Court, on appeal, reversed the lower court, but did not hold the lien invalid. The effect of this decision is to deny the right of the city to collect the taxes represented by the lien, as the time within which it is required to issue a scire facias to continue the lien had expired: See *Phila. v. Cooper,* 212 Pa. 306, 61 A. 926; *Phila. v. Merz,* 28 Pa. Superior Ct. 227; *Scranton v. Stokes (No. 2),* 28 Pa. Superior Ct. 437.

It is important to remember that this is a proceeding in rem. It is also to be recalled that the appellees did not register their title, as the law requires: Act of March 14, 1865, P. L. 320, Sec. 9, 53 PS Sec. 4711; Act of March 29, 1867, P. L. 600, Sec. 1, 53 PS Sec. 4767. They are not entitled to complain because of lack of notice to them. The city did all that it was required to do, the registered owner being dead, by posting and advertising. There are no intervening rights.

For a reason, evidently not brought to the attention of either of the courts which passed upon the case, and not adverted to in the briefs, we are of opinion that the decision of the Superior Court should be reversed. The reason is that the mistake in setting forth the name of the defendant in the scire facias and the judgment is amendable.

The Act of May 16, 1923, P. L. 207, Sec. 34, 53 PS Sec. 2054, relating to municipal claims and tax liens, provides: "Any claim, petition, answer, replication, scire facias, affidavit of defense, or other paper filed of record, may be amended, from time to time, by agreement of the parties, or by leave of the court upon petition for that purpose, under oath or affirmation, setting forth the amendment desired, that the averments therein contained are true in fact, and that by mistake they were omitted from or wrongfully stated in the particulars as to which amendment is desired. Such amendments shall be of right, saving intervening rights, except that no amendment of the claim shall be allowed, after

the time for its filing has expired, which undertakes to substitute an entirely different property from that originally described in the claim, but the description of the property may be amended so as to be made more accurate, as in other cases of amendment."

It has been held that this act is remedial in nature and should be liberally construed. Under it tax claims have been amended to set forth the real name of the owner even after the time for filing has expired. The amendment is not equivalent to substituting a new party after the time for filing a lien has passed but is a correction in the name of the person intended to be described: See *Phila. v. Second Reformed Pres. Cong.*, 16 Pa. Superior Ct. 65; *Spramelli v. Punxsutawney*, 102 Pa. Superior Ct. 557, 157 A. 522.

There are two other acts which in general authorize amendments, the Act of April 16, 1846, P. L. 353, Sec. 2, 12 PS Sec. 532, and the Act of May 4, 1852, P. L. 574, Sec. 2, 12 PS Sec. 533. The Act of 1846 provides: "In all actions pending or hereafter to be brought in the several courts of this Commonwealth, said courts shall have power, in any stage of the proceedings, to permit amendments of the record, when it shall appear to them, by any sufficient evidence, that a mistake has been made in the christian name or surname of any party, plaintiff or defendant: Provided, That if by such alteration or amendment, the adverse party is taken by surprise, the trial shall be continued until the next court." The Act of 1852 provides: "All actions pending or hereafter to be brought in the several courts of this Commonwealth, and in all cases of judgments entered by confession, the said courts shall have power, in any stage of the proceedings to permit amendments by changing or adding the name or names of any party, plaintiff or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party."

In *Patton v. Pittsburgh, C. & St. L. Ry. Co.,* 96 Pa. 169, *Minkin v. Minkin,* 336 Pa. 49, 7 A. 2d 461, and *Frey v. United Traction Co. of Pittsburgh,* 320 Pa. 196, 181 A. 775, we considered the record as having been amended where a mistake was made in naming the proper parties, and in *Hartley v. Langkamp,* 243 Pa. 550, 90 A. 402, and *Findley v. Warren,* 244 Pa. 64, 90 A. 457, we granted leave to amend and remitted the record to the court below for that purpose. We conclude that the record can be amended.

Appellees contend that the judgment and proceedings thereon are invalid because the defendant named in the writ of scire facias is the "Estate of" the decedent and there is no such entity known to the law. In a proceeding in rem, however, such words may be treated as mere surplusage. They were used merely to indicate that the registered owner was dead at the time the lien was entered of record and the writ issued: *Jones v. Beale,* 217 Pa. 182, 66 A. 254; *Phila. v. Peters (No. 1),* 57 Pa. Superior Ct. 275.

In *Dunn v. Milanovich,* 305 Pa. 401, 405, 157 A. 906, we decided "that proceedings to recover the amount of a tax lien are in rem and passed a valid title to the purchaser at sheriff's sale, though the real owner is not named in the proceedings, unless his title was duly registered under the beneficent provisions of one of the Registry Acts. . . . We can only say to plaintiffs, therefore, as was said in *Emrick v. Dicken,* supra, at page 82: 'If there is any hardship in this case, it is due to a considerable extent to the negligence of the owner; had he not neglected his duty to have his property registered, it would not have been possible to sell it upon this claim, except in his own name as owner, and after recovery by service of the writ upon him as in case of a summons.'" See also *Phila. v. Unknown Owner,* 20 Pa. Superior Ct. 203.

The order of the Superior Court is reversed, with directions to the Court of Common Pleas, upon proper

application, to amend the writ of scire facias and judgment entered thereon, to set forth correctly the name of the registered owner as party defendant and to allow an alias writ of levari facias to issue on the judgment as amended. Costs in the Superior Court and in this Court to be paid by the City of Philadelphia.