## School District of Homestead v. Marish

*P. H. McGuire*, for plaintiff.
*Coleman Harrison*, for defendant.

McNAUGHER, J., January 15, 1942.—We are to dispose of defendant's rule upon plaintiff to show cause why tax liens for the years 1932, 1933, 1934, and 1937 should not be stricken off as invalid because they were signed by the tax collector of the school district and not by its solicitor or chief executive officer as required by section 10 of the Act of May 16, 1923, P. L. 207.

After setting forth what a municipal claim shall contain, section 10 provides: "Said claim must be signed by the solicitor or chief executive officer of the claimant; . . ." (An amendment substitutes the word "shall" for "must").

Our judgment is that where such a claim is not signed by a person named in the statute it cannot be said to be a claim at all within the meaning of the act but is a nullity. See Semanczyk v. Moran, 25 D. & C. 697, and Middlesex Townyhip v. Wetzel et al., 32 D. & C. 525.

We have been referred to the case of Philadelphia v. Sulzer's Estate, 342 Pa. 37, in which it was held that the Act of 1923, being remedial in nature, should be liberally construed, and that a tax claim could be amended to set forth the real name of the owner of the property even after the time for filing the claim had expired. But it is our opinion that something very different is presented to us. Here no legal claim was filed at all. Signature by the tax collector was no more effective than signature by a stranger. We conclude that the tax liens for the years 1934 and 1937 must be stricken off. We may add, however, that as we view it new liens for these years may be filed under the provisions of the Act of July 28, 1941, P. L. 542.

The tax liens for the years 1932 and 1933 stand in a better position. As to them the validating Act of July 2, 1937, P. L. 2808, applies in the following provision:

"Section 3. No municipal tax lien heretofore entered shall be invalidated, discharged, or set aside for want of any formality in the claim, or for noncompliance with the requirements of section ten of the act to which this is an amendment, if the claim whereon the lien was entered was filed in the office of the prothonotary on or before the last day of the third calendar year after that in which the tax was first payable, and correctly shows the amount of the unpaid tax against the property for which the lien was filed for the year covered by the lien, and all such tax liens are hereby ratified, confirmed, and validated."

It is argued by counsel for defendant that this validating act was repealed by the Act of June 15, 1939, P. L. 349. We do not think so. The latter act does not

specifically repeal the former and we think it does not do so by implication. The tax liens for the years 1932 and 1933 are therefore validated and remain as liens against the real estate.

### Order

And now, to wit, January 15, 1942, as to the tax liens for the years 1934 and 1937, rule absolute, and the said liens are hereby stricken off; and as to the tax liens for the years 1932 and 1933, rule discharged.