## Jamison v. United Cigar Whelan Stores et al.

*Harry J. Alker, Jr.*, for plaintiff.

*J. B. H. Carter*, for United Cigar Whelan Stores, defendant.

*Henry S. Ambler* and *Frank R. Ambler*, for defendant trustees.

CRUMLISH, J., March 22, 1949.—Plaintiff's cause of action arose on November 22, 1945. Plaintiff alleges

that, on that date, he fell and was injured because of a defective condition in the sidewalk of premises 1349 Olney Avenue, Philadelphia. The original writ, summoning United Cigar Whelan Stores; Francis R. Taylor, trustee for Edward Wanton Smith, and Edward Wanton Smith, individually, as defendants, was issued November 14, 1947. Thereafter it was discovered that Francis R. Taylor and Edward Wanton Smith had predeceased the issuance of the writ. On August 11, 1948, plaintiff, having petitioned the summer court, secured an order for leave to correct the names of defendants, to issue an alias writ in trespass, and to amend the complaint, alleging: (a) that Taylor and Smith were the registered owners of the Olney Avenue premises on the records at the survey office of the City of Philadelphia; (b) that upon further investigation it was ascertained that the real owners were William Wharton Smith and Henry Austin Wood, Jr., trustees for the Grange Trust. On December 17, 1948, an alias summons issued summoning the said Smith and Wood, trustees for the Grange Trust; on the same date the amended complaint was filed. On December 27, 1948, service was made on Wood, a resident of Boston, Mass., in accordance with the provisions of the Act of July 2, 1937, P. L. 2747, sec. 1, 12 PS §331; on December 30, 1948, William Wharton Smith was served personally in Philadelphia. Defendant, United Whelan Cigar Stores, has filed an answer denying that it was the "operator or tenant of the store located at 1349 Olney Avenue, Philadelphia, Pa., at the times mentioned or that it was in possession, control, or charge and management of the said premises".

The matter is now before us on motion and rule of William Wharton Smith and Henry Austin Wood, Jr., trustees for the Grange Trust Company, to dismiss plaintiff's amended complaint and set aside service.

## Rules of Civil Procedure

We cannot pass over the failure of defendant trustees to comply with the provisions of the Pennsylvania Rules of Civil Procedure.

The statute of limitations is an affirmative defense which must be pleaded. Under the Practice Act, the statute could not be raised by the affidavit of defense raising questions of law, and, since dilatory pleas had been abolished by the act, the defense of the statute was raised in a rule to show cause rather than later during the trial on the merits: Prettyman v. Irwin, 273 Pa. 522 (1922). Under the new Rules of Civil Procedure, the affidavit of defense raising questions of law has been replaced by the demurrer (note of the Procedural Rules Committee to Rule 1017(b)(4)). Just, therefore, as under the Practice Act the statute might not be raised as a defense by the affidavit of defense raising questions of law, so also under the new rules, the defense may not be raised by the preliminary objection in the nature of a demurrer: Quaker City Chocolate and Confectionery Co. v. Delhi-Warnock Building Association et al., 357 Pa. 307 (1947). Pa. R. C. P. 1030 directs that the defense of the statute of limitations "shall be pleaded in a responsive pleading under the heading of 'New Matter' ".

Before the Practice Act, setting aside service by rule rather than by a plea in abatement had "the sanction of precedents": Park Brothers & Company, Limited, v. Oil City Boiler Works, 204 Pa. 453 (1903). Under the Practice Act, defendant could challenge his amenability to suit either by his affidavit of defense (Miller Paper Co. v. Keystone Coal and Coke Co., 267 Pa. 180 (1920); Gengenbach v. Willow Grove Park, 280 Pa. 278 (1924)), or by a rule to show cause why the writ should not be set aside: Gengenbach v. Willow Grove Park, supra. The Act of March 5, 1925, P. L. 23, sec. 2, 12 PS §673, allowed for the raising of juris-

dictional questions preliminarily by a de bene esse appearance with the right of immediate appeal. Under the new Rules of Civil Procedure, a preliminary objection is proper, for rule 1017(*b*) (1), replaces the practice of raising the jurisdictional question by means of the procedure in accordance with the Act of March 5, 1925, supra.

The objection to the capacity in which the fiduciaries are named should also have been raised by a preliminary objection; Pa. R. C. P. 1017(*b*) (2) provides for the striking off of a pleading because of lack of conformity to law.

To conform to the above, defendants, then, should first have filed preliminary objections on the following grounds: (1) Raising a question of jurisdiction; (2) moving to strike the complaint because of lack of conformity to law. After the preliminary objections had been dealt with, the statute of limitations should have been pleaded under the heading of "New Matter". It may very well be that some attorneys are so busy that they overlook the rules and that others are as reluctant to follow them as some old-time lawyers were to abandon their pleas, narrs, and declarations. Be that as it may, however, the rules are in effect, and the courts should not be repeatedly confronted, as we are, with questions presented in a manner which ignores the rules. That we proceed, therefore, to dispose of the questions presented on the record before us is not to be taken as a precedent.

### Statute of Limitations

Where plaintiff brings his action in time, but he, relying upon the record in the survey office of the city, erroneously summons as defendants the owners of real property whereon he was injured, may he, after the expiration of the period permitted by the statute of

limitations, correct this error and bring a new party on the record?

November 22, 1947, was the last day plaintiff might bring defendants William Wharton Smith and Henry Austin Wood, Jr., trustees for the Grange Trust, on the record. The Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34, requires that an action for personal injuries not resulting in death "must be brought within two years from the time when the injury was done and not afterwards". In construing this statute in Burke v. The Sterrick Creek Coal Co., 15 Dist. R. 643 (1905), the court held it applicable and granted a nonsuit in a case where plaintiff sued the wrong mining company in reliance on erroneous information given to the Bureau of Mines and then subsequently, three and one-half years after the injury occurred, brought a new action against the proper defendants. It was said in that case at page 645: ". . . we do not think the defendant is estopped from pleading the statute. The report was not to the plaintiffs, either directly or indirectly . . ." In the case before us, plaintiff, relying on the registration with the survey bureau, as required by the Act of March 29, 1867, P. L. 600, sec. 1, 53 PS §4767, named, in the first writ, the wrong defendants. Plaintiff wrongly contends that he had a right to rely on the survey bureau records and that defendants cannot set up the statute as a defense since it was defendants' own failure to perform a statutory duty which caused the error in the first writ. The purpose of the act is to insure the owner's receiving notice of municipal claims affecting his property. Unless the owner has registered his title in compliance with the act, he may not complain if, after the notice required by the act is given, the property becomes subject to sale for taxes or other municipal claims in the name of the registered owner: City of Philadelphia v. Sulzer's Estate, 342 Pa. 37 (1941). The registration

is not required for the purpose of giving notice to present plaintiff or to any other plaintiff who might be injured because of defects in the property. Under the circumstances, plaintiff's contention that he was "misled by the records at City Hall and named the wrong persons as real owners" and that as a result defendants are denied the benefit of the statute of limitations is untenable.

Finally, it must be said that the Act of May 4, 1852, P. L. 574, 12 PS §533, and the Act of April 16, 1846, P. L. 353, 12 PS §532, do not allow the amending of the complaint where the statute of limitations has run if such amendment will introduce a new cause of action or *bring in a new party* or change the capacity in which a party is sued: Bahas v. Wilczek, 324 Pa. 212 (1936) ; Wernick v. Pittsburgh Underwriters Agency, 90 Pa. Superior Ct. 186 (1927) ; Jones v. Philadelphia and Reading Coal and Iron Co. et al., 154 Pa. Superior Ct. 465 (1944).

### Liability of Trustees as Such

The question here is: Was it proper to sue William Wharton Smith and Henry Austin Wood, Jr., in their fiduciary capacity?

"An executor or administrator cannot as such commit a tort, but any tort committed by him is committed individually, and renders him as an individual, and not the estate, liable in damages . . . and the rule is the same whether the injury results from intentional wrong or negligence": 24 C. J. 128. See also 33 C. J. S. 1260-61; A. L. I. Restatement of the Law of Trusts §264; Slakoff v. Foulke, Trustee, 323 Pa. 252 (1936) ; Clauson v. Stull, 331 Pa. 101 (1938) ; Prager v. Gordon, 78 Pa. Superior Ct. 76 (1921) ; Weingartner v. Pomp's Trustee, 10 Northamp. 146 (1905) ; Stephenson v. Dauphin Deposit Trust Co., Trustee of the Estate of James McCormick, 48 Dauph. 175 (1939) ;

Gallovitch v. Wylly et al., 52 Ga. App. 818, 184 S. E. 786 (1936).

Here, however, plaintiff contends that since the deed of trust gives the trustees power to pay insurance premiums, by implication the trustees become personally liable because by implication "to pay insurance premiums" includes liability insurance premiums. Nothing is said in the deed about what kind of insurance is to be carried, and this provision for the payment of premiums is not sufficient to relieve the trustees of their personal liability as in Prinz v. Lucas, 210 Pa. 620 (1905), where the deed expressly provided that the trustees should have no responsibility nor liability for negligence.

### Service on Nonresident Defendant

The final question is: Is the service upon the nonresident trustee under the Act of July 2, 1937, P. L. 2747, 12 PS §331, valid? The act provides:

". . . any non resident of this Commonwealth being the owner, tenant, or user, of real estate located within the Commonwealth of Pennsylvania, and the footways and curbs adjacent thereto, or any such resident of this Commonwealth who shall subsequently become a nonresident, shall, by the ownership, possession, occupancy, control, maintenance, and use, of such real estate, footways, and curbs, make and constitute the Secretary of the Commonwealth of Pennsylvania his, her, its, or their agent for the service of process in any civil action or proceedings instituted in the courts of the Commonwealth of Pennsylvania against such owner, tenant, or user of such real estate, footways, and curbs, arising out of or by reason of any accident or injury occurring within the Commonwealth in which such real estate, footways, and curbs are involved."

In holding this act constitutional, Judge Bok in Dubin v. City of Philadelphia et al., 34 D. & C. 61 (1938), in summation said:

"I regard the legislation . . . as a reasonable procedural requirement of a nonresident who elects to own or hold mortgages upon real estate here. It does not affect such owner's rights but only regulates the procedure . . . as Mr. Justice Brandeis said in Kane v. State of New Jersey, 242 U. S. 160, 167 (1916) :

" 'There is nothing to show that the requirement is unduly burdensome in practice. It is not a discrimination against nonresidents, denying them equal protection of the law. On the contrary, it puts nonresident owners upon an equality with resident owners.' "

Is the trustee within the purview of the statute thus interpreted? "The trustee is subject to personal liability to third persons for torts committed in the course of the administration of the trust to the same extent that he would be liable if he held the property free of trust." A. L. I. Restatement of the Law of Trusts §264. His liability arises out of the fact that he is the holder of the legal title: A. L. I. Restatement of the Law of Trusts §265. As holder of the legal title, the trustee undertakes the obligations of the owner, among which, in Pennsylvania, is compliance with this statutory provision for service on nonresident owners of real estate. As holder of the title who undertakes the obligations of the "owner", then, and as he who is in "control" of the property, the trustee is directed by the statute to constitute the Secretary of the Commonwealth his agent for service. The statute regulates the procedure for serving the trustee and "puts nonresident" trustees on "an equality with resident" trustees. Of course, "That . . . a mere trustee, not in the occupancy of the property . . . and exercising no control . . . over it, can be held responsible in damages for . . . injury, is a proposition the mere statement of which carries with its own convincing refutation" (Eisenbrey v. Pennsylvania Company for Insurance, 141 Pa. 566, 573 (1891)), but whether

or not the trustee is liable, just as whether or not an owner would be liable, is a question to be decided at trial; our only concern at present is whether or not a trustee is amenable to the service directed by the statute.

Because of the answer to the first two questions above discussed, plaintiff's amended complaint in trespass is dismissed as to defendants William Wharton Smith and Henry Austin Wood, Jr., trustees for the Grange Trust, and the service thereof is set aside.